B6 Summary (Official Form 6 - Summary) (12/07)

# United States Bankruptcy Court
## Middle District of Florida

In re  **Larry Makimaa,**
**Mary Lynne Makimaa**

Debtors ,

Case No. __**9:13-bk-14168**__

Chapter __**7**__

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | 334,850.00 | | |
| B - Personal Property | Yes | 14 | 1,194,187.00 | | |
| C - Property Claimed as Exempt | Yes | 2 | | | |
| D - Creditors Holding Secured Claims | Yes | 3 | | 2,014,231.00 | |
| E - Creditors Holding Unsecured Priority Claims  (Total of Claims on Schedule E) | Yes | 1 | | 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 3 | | 346,017.00 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 1 | | | 2,500.00 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 1 | | | 5,347.00 |
| Total Number of Sheets of ALL Schedules | | 28 | | | |
| Total Assets | | | 1,529,037.00 | | |
| Total Liabilities | | | | 2,360,248.00 | |

Form 6 - Statistical Summary (12/07)

.

# United States Bankruptcy Court
## Middle District of Florida

In re   **Larry Makimaa,**
        **Mary Lynne Makimaa**                                    Case No. __9:13-bk-14168_____

                                                    ,
                                    Debtors          Chapter_____7_____

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C.§ 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

■ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**
**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | |
| Student Loan Obligations (from Schedule F) | |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | |
| TOTAL | |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | |
| Average Expenses (from Schedule J, Line 18) | |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20 ) | |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column | | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | |
| 4. Total from Schedule F | | |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | |

B6A (Official Form 6A) (12/07)

In re  **Larry Makimaa,**                                                              Case No.    **9:13-bk-14168**
       **Mary Lynne Makimaa,**

_____,
                              Debtors

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **206 La Peninsula Blvd.**<br>**Marco Island, FL 34113** | **Homestead** | **J** | **323,950.00** | **0.00** |
| **Timeshare/ Vero Beach** | | **J** | **500.00** | **0.00** |
| **Vacant Lot/ Grand Blanc, MI** | | **J** | **10,400.00** | **0.00** |

| | | |
|---|---|---|
| Sub-Total > | **334,850.00** | (Total of this page) |
| Total > | **334,850.00** | |

**0**   continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

B6B (Official Form 6B) (12/07)

.

In re  **Larry Makimaa,**
     **Mary Lynne Makimaa**

Case No.  **9:13-bk-14168**

                        Debtors

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1. Cash on hand | | **Cash** | J | 50.00 |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **BMO Harris**<br>**Checking Account No. 8412** | J | 595.00 |
| | | **Chase Bank**<br>**Checking Account No.** | J | 1,600.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | **Room, Per Attached Reed & Kelley Appraisal** | J | 3,102.00 |
| | | **Porch, Per Attached Reed & Kelley Appraisal** | J | 410.00 |
| | | **Dining Room, Per Attached Reed & Kelley Appraisal** | J | 820.00 |
| | | **Kitchen Area, Per Attached Reed & Kelley Appraisal** | J | 1,255.00 |
| | | **Entry, Per Attached Reed & Kelley Appraisal** | J | 100.00 |
| | | **Hall, Per Attached Reed & Kelley Appraisal** | J | 2,080.00 |
| | | **Master Bedroom, Per Attached Reed & Kelley Appraisal** | J | 747.00 |
| | | **Bedroom Two, Per Attached Reed & Kelley Appraisal** | J | 580.00 |
| | | **Jewelry, Per Attached Reed & Kelley Appraisal** | J | 870.00 |
| | | **Den, Per Attached Reed & Kelley Appraisal** | J | 920.00 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |

          Sub-Total >     **13,129.00**
        (Total of this page)

**4** continuation sheets attached to the Schedule of Personal Property

**B6B (Official Form 6B) (12/07) - Cont.**

In re   **Larry Makimaa,**
        **Mary Lynne Makimaa**

Case No.   **9:13-bk-14168**

Debtors

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 6.  Wearing apparel. | X | | | |
| 7.  Furs and jewelry. | X | | | |
| 8.  Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9.  Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | **Life Insurance** **Mass Mutual Life Insurance** **Policy #4301** **Cash Surrender Value listed infra** **Death Benefit: $255,000.00** | **H** | **56,089.00** |
| | | **Life Insurance** **Northwestern Mutual** **Policy #2769** **Cash Surrender Value listed infra** **Death Benefit: $86,669** | **H** | **60,521.00** |
| 10.  Annuities. Itemize and name each issuer. | | **Annuity** **Americo Life Insurance** **Policy #2936** | **H** | **225,469.00** |
| | | **Annuity** **Ohio National Life** **Policy #8606** | **H** | **98,833.00** |
| | | **Annuity** **Liberty Bankers Life** **Policy #8120** | **H** | **41,771.00** |
| | | **Annuity** **Aviva USA** **Policy #7547** | **W** | **50,000.00** |
| 11.  Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars.  (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | | **ROTH IRA** **Aviva USA** **Policy #7547** | **W** | **48,000.00** |
| | | **Chase Bank** **Checcking Account No.** | **J** | **6,600.00** |
| 12.  Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | **ROTH IRA** **Americo Life Insurance;** **Policy #2936** | **H** | **209,000.00** |
| 13.  Stock and interests in incorporated and unincorporated businesses. Itemize. | | **100% shareholder Debtor** **Elkhart Mobile Home Park, Inc.** **Rental Property** | **J** | **Unknown** |

Sub-Total >     **796,283.00**
(Total of this page)

Sheet   **1**   of   **4**   continuation sheets attached
to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re  **Larry Makimaa,**
  **Mary Lynne Makimaa**

Case No.  **9:13-bk-14168**

Debtors ,

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| | | 100% shareholder Debtor<br>Carriage Manor, Inc.<br>Rental Property<br>2211 South Dort Highway<br>Flint, MI | J | 0.00 |
| | | 100% shareholder Debtor<br>Carriage MAK, Inc.<br>Holding Company for Carriage Manor, Inc. | J | 0.00 |
| | | 100% shareholder Debtor<br>Airport Home Center, Inc.<br>Rental Property:<br>6039 Torrey Rd.<br>Flint, MI<br>(Sold at Sherrif's sale 08/15/12)<br><br>2479 Hill Rd.<br>Flint, MI<br>(Sold at Sherrif's sale 08/15/12) | J | Unknown |
| 14.  Interests in partnerships or joint ventures. Itemize. | | 50% interest Debtor/ 50% interest Joint<br>305 Rosette LLC<br>Single Asset Residential Rental Real Estate | J | 55,000.00 |
| | | 50% interest Debtor/ 50% interest Joint Debtor<br>307 Rosette St., LLC<br>Rental Real Estate | J | 30,000.00 |
| | | 50% interest Debtor/ 50% interest Joint Debtor<br>1147 Rinn St., LLC<br>Rental Real Estate | J | 36,000.00 |
| | | 50% interest Debtor/ 50% interest Joint Debtor<br>1151 Rinn St., LLC<br>Rental Real Estate | J | 50,000.00 |
| | | 50% interest Debtor/ 50% interest Joint Debtor<br>2049 Parkwood, LLC<br>Rental Real Estate | J | 25,000.00 |
| | | 50% interest Debtor/ 50% interest Joint Debtor<br>12126 Pine Row Lane, LLC<br>Rental Real Estate | J | 25,000.00 |
| | | 50% interest Debtor/ 50% interest Joint Debtor<br>5070 West Pierson Rd., LLC<br>Rental Real Estate | J | 20,000.00 |

Sub-Total >  241,000.00
(Total of this page)

Sheet  **2**  of  **4**  continuation sheets attached
to the Schedule of Personal Property

Software Copyright (c) 1996-2013 - Best Case, LLC - www.bestcase.com

B6B (Official Form 6B) (12/07) - Cont.

In re    **Larry Makimaa,**
     **Mary Lynne Makimaa**
                                                    Debtors     ,       Case No.   **9:13-bk-14168**

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| | | **50% interest Debtor**<br>**JMAC, LLC**<br>**Property Foreclosed Upon, Property of Century**<br>**National Bank**<br>**Location: 206 La Peninsula Blvd., Naples FL 34113** | J | 0.00 |
| | | **50% interest Debtor/ 50% interest Joint Debtor**<br>**9159 North Lewis Road, LLC**<br>**Rental Real Estate** | J | 85,000.00 |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | | **Contract For Deed:**<br>**29200 County Road 20/ Lot 9**<br>**Elkhart, IN 46514** | J | 24,000.00 |
| | | **Contract For Deed:**<br>**29200 County Road 20/ Lot 11**<br>**Elkhart, IN 46514** | J | 27,000.00 |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |

Sub-Total >      136,000.00
(Total of this page)

Sheet  **3**  of  **4**  continuation sheets attached
to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re    **Larry Makimaa,**
      **Mary Lynne Makimaa**

Case No.   **9:13-bk-14168**

                 Debtors

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | **2003 Lincoln Town Car Vin #1LNHM82W23Y700532 NADA Avg. Retail** | J | 7,775.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

Sub-Total >     **7,775.00**
(Total of this page)
Total >     **1,194,187.00**

Sheet  **4**  of  **4**  continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)



Mr. Larry Makimaa                                                July 23, 2013
206 La Peninsula Blvd.
Naples, FL   34113

Dear Mr. Makimaa,

As you requested, Read & Kelley Estate Services, LLC conducted a summary appraisal of
personal property on July 15, 2013, at your home located at 206 La Peninsula Blvd., Naples,
Florida.  It is understood that the property belongs to you and you were present during the
inspection. Values are effective as of the date of the inspection, and this report consists of nine
pages.

The object of this appraisal was to determine Fair Market Value for use by the United States
Bankruptcy Court in the administration of this case. Any other use renders this appraisal null and
void. Values stated do not reflect any expenses that may be incurred should these items be sold,
such as advertising costs or selling commissions.

This report is intended for use only by you, our client, and the United States Bankruptcy Court.
Use of this report by others is not intended, nor is this report an indication of, or a certificate of
title or ownership. The identification of the interest of the party(ies) involved is simply that
represented to the appraiser by such party and no inquiry or investigation will be made nor is any
opinion to be given as to the truth of such representation. If this report is reproduced, copied, or
otherwise used, it must be done so in it's entirety including the cover document and all
attachments.

The appraisal report has been structured to comply with the Internal Revenue Code pertaining to
Bankruptcy. The definition of Fair Market Value as set forth in that section of the Code is as
follows:  "The highest price in terms of money which a property would bring in a competitive and
open market under conditions requisite to a fair sale, the buyer and seller, each acting prudently,
knowledgeably, and assuming the price is not affected by undue stimulus."

In this appraisal, value has been established by the market data approach. This method of
valuation involves comparison of the property with similar items which have sold within the
market that considered most common for each item. Markets considered and the recent sales
prices reviewed for items comparable to those listed include but are not limited to, auctions, used
furniture stores, used electronic and appliance stores, yard sales, flea markets, pawn shops,
internet on-line sales and auctions, personal observation, recognized price guides, daily scrap
price indexes, classified advertisements as well as reviewed sales by dealers and retailers.

Market analysis appears normal for this time of year. Because quality, condition, desirability and obsolescence affect the appropriate market where items could be purchased by the public, different markets may have considered for different items of property.

All information concerning this report is regarded as confidential. Read & Kelley Estate Services, LLC will retain a copy of this document for no less than 24 months, however, any digital photographs taken will not be kept. Furthermore, we will not allow others to have access to this report unless ordered to do so by a court of law or in the event that the Trustee in your case requests a copy.

In general the condition of the items was good. Any further alterations are so noted in the appraisal report. This appraisal is based on readily apparent identity of the items appraised, and any electronic or mechanical devices or equipment is assumed to be in good working order unless otherwise noted.  It is understood that in the appraisal and valuation of motorized vehicles for the purpose of bankruptcy, Read & Kelley Estates Services, LLC are bound by the requirements as to the determination of value of the persons or entities to whom the report ultimately goes. Furthermore, unless confirmed scientific proof is presented to this appraiser, no value assumptions will be considered regarding mold damage or Chinese drywall damage not visible to the naked eye.  Any value assessments that were based solely or in part on information given to the appraiser while on site may or may not be accurate depending on the validity of the information provided.

All wood designations are based only on visual examination without benefit of laboratory analysis, which is necessary for conclusive identification. Therefore, all stated wood identities and associated values are conditional on an "appears to be" basis.  Furthermore, no employee associated with Read & Kelley Estate Services, LLC represents themselves to be a certified Fine Art Appraiser or function as, authenticators, and all framed art work, prints, posters and picture values are based only on superficial visual examination.  In the evaluation of antiques, artwork, or collectibles, any items lacking Proof of Authenticity papers will be valued accordingly.  None were removed from their frames for verification or authentication which is necessary for conclusive identification. Therefore, all stated art identities and associated values are conditional on an "appears to be" basis within the parameters of our experience.

No employee associated with Read & Kelley Estate Services, LLC in any way represents themselves to be a certified gemologist and any & all jewelry values stated are based on secondary market estimates. Furthermore gemstones are not removed from their settings to be precisely measured and all size measurements are approximate. Jewelry values in this appraisal may be based on readily apparent identity of the items appraised and some stated identities are based only on the reliability of the MIZAR Diamond Tech Pro diamond tester and/ or the Acculab brand scale that I carry to determine weight and authenticity. Items of jewelry stamped as 10, 14 or 18 K gold are accepted as such, other items are tested with acid and results are only as reliable as the acid test provides.  Gold and / or silver values may be based in full or part on spot prices from the date the items were researched.

The values expressed herein are based on the appraisers best judgment and opinion and are not a warranty that the items will realize those values if offered for sale. The values expressed are based on current information on the date the appraisal was made. No opinion is expressed as to any past or future values.

Qualifications to execute this appraisal are included in this report and may also be viewed at personalpropertyappraiser.net.

## ROOM

| | | |
|---|---|---:|
| 1. | Panasonic CD player | 15.00 |
| 2. | Miscellaneous decorative items located throughout the house not listed elsewhere in this report | 200.00 |
| 3. | Leather sectional sofa with chaise | 900.00 |
| 4. | LG Blu-ray player | 25.00 |
| 5. | Round coffee table and woven effect end table | 175.00 |
| 6. | Oreck air purifier | 25.00 |
| 7. | White on white chair and stool | 100.00 |
| 8. | Four bar stools, damaged 50.00@ | 200.00 |
| 9. | Sharp 70" Aquos Quattron television, 4 years old | 800.00 |
| 10. | Bose acoustic wave music system | 450.00 |
| 11. | Seventeen bottle stoppers | 17.00 |
| 12. | Area rug | 75.00 |
| 13. | Barrel chair | 20.00 |
| 14. | Corner wood and metal shelf | 100.00 |

## PORCH

| | | |
|---|---|---:|
| 1. | Metal table and six chairs | 150.00 |
| 2. | Metal bar with two sling seat stools | 65.00 |
| 3. | Two chairs, two stools and round table | 40.00 |
| 4. | Assorted potted plants | 75.00 |
| 5. | Haier freezer | 40.00 |
| 6. | Two rods and reels | 40.00 |

## DINING ROOM

| | | |
|---|---|---:|
| 1. | Wood table, eight wood chairs and microfiber chair | 450.00 |
| 2. | Two quarter round shelf units | 120.00 |
| 3. | Three piece shelf over door front storage units | 250.00 |

## KITCHEN AREA

| | | |
|---|---|---:|
| 1. | Two leather effect wood stools | 80.00 |
| 2. | Mirror | 75.00 |
| 3. | Two drawer server | 100.00 |
| 4. | LG refrigerator LMX25985 | 600.00 |
| 5. | Built-in range top and Sharp drawer microwave oven | * |
| 6. | Two built-in wall ovens | * |
| 7. | KitchenAid dishwasher | 80.00 |
| 8. | Toshiba 23" television | 70.00 |
| 9. | Glassware, pottery ware located throughout house, small appliances, pots, pans, glasses, utensils and miscellaneous kitchenware | 250.00 |

**ENTRY**

   1.  Chest and mirror                            100.00

**HALL / BEDROOM**

   1.  Vizio television          -0-
   2.  GE monogram wine cooler    100.00
   3.  Whirlpool Cabrio washer and dryer    350.00
   4.  LG 40" television    250.00
   5.  Samsung Blu-ray DVD 3D player    50.00
   6.  Wood chest nine drawer dresser with mirror and nightstand    750.00
   7.  Damaged storage chest with cushioned top    50.00
   8.  Two lamps    30.00
   9.  Rug    50.00
  10.  Painted four drawer chest    45.00
  11.  White on white chair and stool    100.00
  12.  Button tufted white chair    30.00
  13.  Map motif storage chest    75.00
  14.  Miscellaneous costume jewelry    50.00
  15.  Golf clubs, Ping Eye 2's irons, Calloway, Taylor Made drives,
      and Adams Rescue clubs    150.00

**MASTER BEDROOM**

   1.  Clothing    200.00
   2.  King wood bed with leather effect inset and three drawer
      nightstand, located in den    350.00
   3.  Hamper    2.00
   4.  Four drawer red sofa table    125.00
   5.  Mirror    70.00

**BEDROOM TWO**

   1.  Wood and leather effect bed, two nightstands, two chests,
      mattress and box springs    400.00
   2.  Sony television    100.00
   3.  Four lamps    60.00
   4.  Glass and metal table    20.00

**JEWELRY**

   1.  14K hoop earrings, 4.9 grams    120.00
   2.  18K cocktail ring, faux diamonds    80.00
   3.  14K man's band / ring with two round 3.6mm, and six round
      1.8mm diamonds, 7.5 grams    650.00
   4.  Silver ring and copper necklace / collar    20.00

**DEN**

| | | |
|---|---|---:|
| 1. | Kenmore refrigerator | 125.00 |
| 2. | Bookcase | 10.00 |
| 3. | Off white recliner, damaged | -0- |
| 4. | Three drawer file cabinet | 10.00 |
| 5. | Lateral file | 40.00 |
| 6. | Wood desk | 40.00 |
| 7. | HP printer | 10.00 |
| 8. | Vizio 49" television | 130.00 |
| 9. | I-Pad 16GB | 350.00 |
| 10. | Rustic drop leaf table | 40.00 |
| 11. | Oreck vacuum | 75.00 |
| 12. | Signed Arnold Palmer Masters flag | 90.00 |

**TOTAL VALUE OF INVENTORY**          **$10,909.00**

Read & Kelley Estate Services LLC
by, Joy Augustine
ISA-AM, GPPA, AOA-AM, CEA, ABA

## APPRAISAL CERTIFICATION

- Statements of fact contained in this report are true and correct. The opinions stated, are based on a full and fair consideration of all the facts available on the date the appraisal was made.

- The reported analysis, opinions, and conclusions are limited only by the reported critical assumptions and limiting conditions, and personal unbiased professional analysis, opinions and conclusions.

- Read & Kelley Estate Services, LLC, has no undisclosed past, present or future interest in the appraised items or in any proceeds to be derived therefrom, and have no personal interest or bias with respect to the parties involved.

- Neither employment nor compensation for this appraisal were contingent upon the reporting of a predetermined value that favors the client, on the amount of the value estimate, on the attainment of stipulated results, or the occurrence of a subsequent event.

- Unless noted elsewhere an employee of Read & Kelley Estate Services, LLC, has personally inspected the listed property that is the subject of this report.

- Unless noted elsewhere, no one provided significant professional assistance to Read & Kelley Estate Services, LLC.

- This appraisal has been prepared in conformity with and is subject to the International Society of Appraisers' *Appraisal Report Writing Standard* and to the ISA Code of Ethics. In addition our analysis, opinions and conclusions were developed, and this report has been prepared in conformity with, The Appraisal Foundations' *Uniform Standard of Professional Appraisal Practice* (USPAP). Any departure from these standards were discussed with the client in advance and are noted in the report.

- Both the ISA and the AMI have mandatory re-qualification requirements for all their members. Appraisers employed by Read & Kelley Estate Services, LLC, are in full compliance with those regulations.

Read & Kelley Estate Services LLC
by, Joy Augustine
ISA-AM, GPPA, AOA-AM, CEA, ABA

# QUALIFICATIONS

## Joy Augustine, ISA-AM, GPPA, CEA, AOA-AM, ABA-AM

- Graduate of University of Maryland University College/  International Society of  Appraisers Core Courses 1997
    - 101- Appraisal principles and Business Practice,
    - 102-Appraisal Ethics, ISA Standards, USPAP, Identification/Authentication, Research and Legal Issues
    - 103- Legal Aspects of Appraising, Case Studies, Expert Witness, Practical Appraisal Report Writing.
- Graduate of University of Maryland University College/ International Society of Appraisers Specialty Course, 2000
    - 201- Antiques & Residential Contents
- Accredited member of the International Society of Appraisers
- Admitted, International Society of Appraisers Certification Program
- Graduate Auction Marketing Institute Graduate Personal Property Appraiser Program, 2002
    - 101 - Responsibilities of appraiser; USPAP, factors affecting value, trends, functions of an appraisal, identification, valuation, legal aspects, research methods.
    - 201 - Plant Machinery & Equipment, identification, research and documentation for appraisals of plant machinery & equipment
- Accredited AMI Graduate Personal Property Appraiser 2002
- Certified Equine Appraiser - American Society of Equine Appraisers
- Member International Gem Society
- Charter President & Accredited member AABA , American Association of  Bankruptcy Appraisers
- Accredited member , AOA, Association of Online Appraisers
- Member of ACNA, *Antique Collector National  Association*
- Member NAC, *National Association of Collectors*
- Member in good standing, FAGCA, *Fenton Art Glass Collectors of America,* Fostoria Glass Collectors, Inc., Waterford Collectors Society, Royal Doulton Company  International Collectors Club
- Member Southwest Florida Bankruptcy Professional Association
- Graduate Savon Retail Furniture Education, St. Petersburg, FL
- Certified auction Ring Master
- Licensed Consultant, appraisal
- Experience in orderly liquidation, estate liquidation
- Experience in retail jewelry & furniture
- Experienced expert witness, Federal & State Courts
- Experienced dealer in  household goods, jewelry & electronics
- Experienced dealer in antiques and collectibles
- Experienced buyer/vendor, on-line auctioning
- Consultant in appraisal of outdoor advertising structures
- Maintain  extensive  library & data base on antiques, collectibles, audio-visual electronics,
- On-line for sales & auction results
- Attended private showings & lectures on glass art production in Zelezny Brod, Czech Republic
- Attended private showing & discussions at *North Bohemian Museum* in Liberec, Czech Republic
- Published author; Czechoslovakian Collectors Guild International,
- Glass Arts Society Journal 2000, Family Values Magazine, Guidepost Magazine
- Featured, Fort Myers Newspress Sunday Business Section, March 21, 1999
- Featured,  News & Views Issue 728
- Featured lecturer, The Glass Arts Society Annual Conference, Brooklyn, NY, 2000
- Recognized authority on ZeleznyBrodsklo glass figurines
- Registered, Maloney's Resource Directory
- Registered,  I.S.A. Membership Directory
- Registered, International Society of Appraisers online referral service

# SELECTED CLIENT LIST

- Attorney Diane Jensen, Trustee United States Bankruptcy Court, Fort Myers, FL
- Attorney Luis Rivera, Trustee United States Bankruptcy Court, Fort Myers, FL
- Attorney Robert Tardif, Trustee United States Bankruptcy Court, Fort Myers, FL
- Attorney Shari Streit Jansen, Trustee United States Bankruptcy Court, Sarasota, FL
- Andrea P. Bauman, Trustee United States Bankruptcy Court, Highland City, FL
- Attorney Douglas Menchise, P.A., Trustee, United States Bankruptcy Court, Clearwater, FL
- Attorney Stephen Meininger, Trustee United States Bankruptcy Court, Tampa FL
- Attorney Traci Strickland, Trustee United States Bankruptcy Court, Tampa, FL
- Attorney V. John Brook, Trustee United States Bankruptcy Court, Saint Petersburg, FL
- Angela L. Welch Esposito, Trustee United States Bankruptcy Court, Odessa, FL
- Attorney Beth Ann Scharrer, Trustee United States Bankruptcy Court, Seminole, FL
- Lauren P. Greene, Trustee United States Bankruptcy Court, Seminole, FL
- Carolyn Chaney, Trustee United States Bankruptcy Court, St. Petersburg, FL
- Attorney Stephany Carr, Naples, FL
- Attorney Richard Johnston, Fort Myers, FL
- Attorney Gregory Champeau, Fort Myers, FL
- Phoenix Law Firm, Fort Myers, FL
- Attorney Michael Rich, Fort Myers, FL
- Attorney Jeffery Leasure, Fort Myers, FL
- Attorney Mary Valask Snell, Fort Myers, FL
- Attorney Roger Waltemyer, Fort Myers, FL
- Attorney Allen Griffith, Fort Myers, FL
- Attorney Kim Levy, Fort Myers, FL
- Attorney Philip Burnett, Fort Myers, FL
- Attorney Melissa Skeen , Fort Myers, FL
- Attorney Tricia Spivey, Fort Myers, FL
- Attorney Mark D. Hildreth, Sarasota, FL
- Attorney Alan Watkins, Tampa, FL
- Attorney Louis Amato, Naples, FL
- Attorney Diane Preston Moore, Naples, FL
- Herbert Weinberg Attorney for the Trustee, Boston, MA
- Northern Trust Bank, Fort Myers, FL
- Raymond James Trust Company, Fort Myers, FL
- Barnett Bank Trust Company, Fort Myers, FL
- SouthTrust Bank, Trust Department, Naples, FL
- State Farm Insurance, Pembroke Pines, FL
- First Union Bank, Special Assets Department, Miami Springs, FL
- PaineWebber Inc., Miami, FL
- Sea Crest School, Naples, FL
- Craig, Cavanaugh, Cavanaugh & Kirby, Naples, FL
- National Cooperative Bank, Washington D.C.
- Grace United Methodist Church, Cape Coral, FL

# APPROACH TO VALUE

.

**The Market Comparison Approach:**
The market comparison approach compares and contrasts the property under appraisal with recent offerings and sales of similar property. This approach is usually the most appropriate valuation approach used in determining value for property. It is the most common method used to estimate the value of personal, portable, tangible property. By definition, this approach should result in the most accurate representation of fair market value. The basis of this approach is that the estimated value of the property is best determined by gathering market data on previous transactions where identical assets have changed hands and then applying the previous transactions to the property presently being appraised.

.

**The Income or Revenue Approach:**
To use the income approach to value, an appraiser treats the property as an investment entity, on the basis that the value of an asset is equal to the present value of the future financial benefits that will accrue to the owner of that asset. Certain classes of property have potential earning power that can be forecast, based on previous earnings of the property sold to buyers on the open market. This approach requires a forecast of both future revenues and expenses, on which to calculate a projected level of net income. The ratio of net income to present value reflects the level of risk inherent in the venture.

**The Cost Approach:**
To use the cost approach to value, an appraiser uses today's replacement cost of equivalent or identical property as a basis for evaluation. This is the cost to replace the asset with another of similar age, quality, origin, appearance, provenance, and condition, within a reasonable length of time in an appropriate market. In using this approach, the appraiser reasons that the value of an asset is equal to the amount required to produce another desirable asset of at least equal amount and quality. This approach involves the cost of reproduction, independent of the benefit of having the original asset at hand. Appraisal Definitions

**Fair Market Value:**
 is the highest amount expressed in terms of money, as of a certain date, that may reasonably be expected to exchange between a willing buyer and a willing seller, with equity to both, neither under any compulsion to buy or sell, and both fully aware of all relevant facts.

**Fair Market Value In Use:**
is the amount expressed in terms of money, as of a certain date, that may reasonably be expected to exchange between a willing buyer and a willing seller, with equity to both, neither under any compulsion to buy or sell, and both fully aware of all relevant facts. It further includes installation, as of a specific date, and assuming that the earnings support the value reported.

**Orderly Liquidation Value or Dealer Value:**
 is the amount of gross proceeds which could be expected from the sale of the appraised assets, held under orderly sale conditions, given a reasonable period of time in which to find a purchaser(s) considering a completed sale of all assets, "as is and where is," with the buyer assuming all costs of removal, with all sales made free and clear of all liens and encumbrances, with the seller acting under compulsion.

**Forced Liquidation Value or Auction Value:**
 is the estimated gross dollar amount which could be typically realized at a properly advertised and conducted public auction held under forced sale conditions, with a sense of urgency, and under present day economic conditions.

**Insurable Replacement Cost New:**
 is the replacement cost new as defined in the insurance policy less the cost new of the items specifically excluded in the policy, if any. Insurable Depreciated Replacement Cost is the insurance replacement cost less accrued depreciation considered for insurance purposes.

**Replacement Cost New:**
 is the current cost at today's prices of replacing an existing property with one of equal utility, although the same materials or the same design may not be used, reflecting changes in technology, design, building techniques and costs.
Depreciated Replacement Cost is the replacement cost of an item less accrued depreciation.

**Reproduction Cost New:**
is the cost, at today's prices, to build an exact replica of the property being valued. It assumes that the same quantity and quality of material and labor is utilized as when the property was actually built.

**Salvage Value:**
 is the expected residual value of an asset at the end of its economic life.

**Scrap Value:**
 is the amount that may be realized if property is sold for its material content, as opposed to further productive use.

B6C (Official Form 6C) (4/13)

In re    **Larry Makimaa,**
         **Mary Lynne Makimaa**

         Case No.    **9:13-bk-14168**

                                          Debtors                                          ,

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:
(Check one box)
☐ 11 U.S.C. §522(b)(2)
■ 11 U.S.C. §522(b)(3)

■ Check if debtor claims a homestead exemption that exceeds
$155,675. *(Amount subject to adjustment on 4/1/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.)*

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Real Property** | | | |
| **206 La Peninsula Blvd.** | **Fla. Const. art. X, § 4(a)(1); Fla. Stat.** | **323,950.00** | **323,950.00** |
| **Marco Island, FL 34113** | **Ann. §§ 222.01 & 222.02** | | |
| | | | |
| **Checking, Savings, or Other Financial Accounts, Certificates of Deposit** | | | |
| **BMO Harris** | **Fla. Stat. Ann. § 222.201;  11 U.S.C. §** | **1,300.00** | **595.00** |
| **Checking Account No. 8412** | **522(d)(10)(A)** | | |
| | | | |
| **Chase Bank** | **Fla. Stat. Ann. § 222.201;  11 U.S.C. §** | **0.00** | **1,600.00** |
| **Checking Account No.** | **522(d)(10)(A)** | | |
| | | | |
| **Household Goods and Furnishings** | | | |
| **Room, Per Attached Reed & Kelley Appraisal** | **Fla. Const. art. X, § 4(a)(2)** | **2,000.00** | **3,102.00** |
| | | | |
| **Interests in Insurance Policies** | | | |
| **Life Insurance** | **Fla. Stat. Ann. § 222.14** | **56,089.00** | **56,089.00** |
| **Mass Mutual Life Insurance** | | | |
| **Policy #4301** | | | |
| **Cash Surrender Value listed infra** | | | |
| **Death Benefit: $255,000.00** | | | |
| | | | |
| **Life Insurance** | **Fla. Stat. Ann. § 222.14** | **60,500.00** | **60,521.00** |
| **Northwestern Mutual** | | | |
| **Policy #2769** | | | |
| **Cash Surrender Value listed infra** | | | |
| **Death Benefit: $86,669** | | | |
| | | | |
| **Annuities** | | | |
| **Annuity** | **Fla. Stat. Ann. § 222.21(2)** | **225,469.00** | **225,469.00** |
| **Americo Life Insurance** | | | |
| **Policy #2936** | | | |
| | | | |
| **Annuity** | **Fla. Stat. Ann. § 222.21(2)** | **98,833.00** | **98,833.00** |
| **Ohio National Life** | | | |
| **Policy #8606** | | | |
| | | | |
| **Annuity** | **Fla. Stat. Ann. § 222.21(2)** | **41,771.00** | **41,771.00** |
| **Liberty Bankers Life** | | | |
| **Policy #8120** | | | |
| | | | |
| **Annuity** | **Fla. Stat. Ann. § 222.21(2)** | **50,000.00** | **50,000.00** |
| **Aviva USA** | | | |
| **Policy #7547** | | | |
| | | | |
| **Interests in an Education IRA or under a Qualified State Tuition Plan** | | | |
| **ROTH IRA** | **Fla. Stat. Ann. § 222.21(2)** | **48,000.00** | **48,000.00** |
| **Aviva USA** | **Fla. Stat. Ann. § 222.201** | **48,000.00** | |
| **Policy #7547** | | | |
| | | | |
| **Chase Bank** | **Fla. Stat. Ann. § 222.21(2)** | **6,600.00** | **6,600.00** |
| **Checcking Account No.** | **Fla. Stat. Ann. § 222.201** | **6,600.00** | |

___1___ continuation sheets attached to Schedule of Property Claimed as Exempt

B6C (Official Form 6C) (4/13) -- Cont.

In re  **Larry Makimaa,**
    **Mary Lynne Makimaa**
                                                  Debtors    ,

Case No.   **9:13-bk-14168**

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT
(Continuation Sheet)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Interests in IRA, ERISA, Keogh, or Other Pension or Profit Sharing Plans** | | | |
| **ROTH IRA** | **Fla. Stat. Ann. § 222.21(2)** | **209,000.00** | **209,000.00** |
| **Americo Life Insurance;** | **Fla. Stat. Ann. § 222.201** | **209,000.00** | |
| **Policy #2936** | | | |
| | | | |
| **Automobiles, Trucks, Trailers, and Other Vehicles** | | | |
| **2003 Lincoln Town Car** | **Fla. Stat. Ann. § 222.25(1)** | **2,000.00** | **7,775.00** |
| **Vin #1LNHM82W23Y700532** | | | |
| **NADA Avg. Retail** | | | |

| | Total: | **1,389,112.00** | **1,133,305.00** |
|---|---|---|---|

Sheet  __1__  of  __1__  continuation sheets attached to the Schedule of Property Claimed as Exempt

Software Copyright (c) 1996-2013 - Best Case, LLC - www.bestcase.com

Best Case Bankruptcy

B6D (Official Form 6D) (12/07)

In re    **Larry Makimaa,**
　　　　**Mary Lynne Makimaa,**

Case No.　**9:13-bk-14168**

_____
Debtors

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

　　State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

　　List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

　　If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

　　If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

　　Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐　Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No. **3510** <br><br> **Bayview Financial Loan Bankruptcy Dept 4425 Ponce De Leon Blvd 5th Floor Miami, FL 33146** | | H | Opened 12/01/05  Last Active  8/01/06 <br><br> **Real Estate Mortgage** <br><br> Value $　　　　　**Unknown** | | X | | 0.00 | **Unknown** |
| Account No. <br><br> **Century National Bank** | | J | **Real Estate Mortgage** <br><br> **4134 Borghese Lane #201, Naples, FL 34114** <br><br> Value $　　　　　**Unknown** | | | | 635,000.00 | **Unknown** |
| Account No. <br><br> **Citizens Bank 329 South Saginaw Street Flint, MI 48502** | | H | 4/2/13 <br><br> **Judgment Lien** <br><br> Value $　　　　　**0.00** | | | | 126,349.00 | 126,349.00 |
| Account No. <br><br> **Fifth Third Bank** | | J | <br><br> Value $　　　　　**0.00** | | | | 0.00 | 0.00 |
| 　**2**　 continuation sheets attached | | | Subtotal <br> (Total of this page) | | | | 761,349.00 | 126,349.00 |

Software Copyright (c) 1996-2013 - Best Case, LLC - www.bestcase.com

Best Case Bankruptcy

B6D (Official Form 6D) (12/07) - Cont.

In re  **Larry Makimaa,**
       **Mary Lynne Makimaa**
                                                                  Case No.  **9:13-bk-14168**
                                        Debtors

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | Husband, Wife, Joint, or Community H W J C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No. **xxxxxxxxxx1205** | | | Opened 12/01/05  Last Active 5/16/06 | | | | | |
| **First Place Bank** **Po Box 5006** **Southfield, MI 48086** | | H | **Real Estate Mortgage** | | | | | |
| | | | Value $         **Unknown** | | | | **Unknown** | **0.00** |
| Account No. **xxxxxxxxxx0905** | | | Opened 9/22/05  Last Active 7/30/08 | | | | | |
| **First Place Bank** **Po Box 5006** **Southfield, MI 48086** | | J | **Secured** | | | | | |
| | | | Value $         **Unknown** | | | | **0.00** | **0.00** |
| Account No. **xxxxxx9898** | | | Opened 9/01/05  Last Active 7/30/08 | | | | | |
| **First Place Bank** **Po Box 5006** **Southfield, MI 48086** | | J | **Real Estate Mortgage** | | | | | |
| | | | Value $         **Unknown** | | | | **0.00** | **0.00** |
| Account No. **7617** | | | Opened 12/01/06  Last Active 5/09/11 | | | | | |
| **Firstplace** **999 E Main St.** **Ravenna, OH 44266** | | J | **Real Estate Mortgage** **1432 Butterfield Court, Marco Island, FL 34145** | | | | | |
| | | | Value $         **Unknown** | | | | **544,904.00** | **Unknown** |
| Account No. **8344** | | | Opened 5/01/08  Last Active 12/27/10 | | | | | |
| **Firstplace** **999 E Main St.** **Ravenna, OH 44266** | | H | **Home Equity Line Of Credit** | | | | | |
| | | | Value $         **Unknown** | | | | **56,552.00** | **Unknown** |

Sheet  **1**  of  **2**  continuation sheets attached to
Schedule of Creditors Holding Secured Claims

Subtotal
(Total of this page)

**601,456.00**        **0.00**

B6D (Official Form 6D) (12/07) - Cont.

In re  **Larry Makimaa,**
       **Mary Lynne Makimaa**

Case No.    **9:13-bk-14168**

Debtors ,

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No. **xxxxx1363** <br><br> **Firstplace** <br> **999 E Main St.** <br> **Ravenna, OH 44266** | | H | Opened **5/01/08** Last Active **5/09/11** <br><br> **Real Estate Mortgage** <br><br><br> Value $          **Unknown** | | | | **Unknown** | **0.00** |
| Account No. **xxxxx1363** <br><br> **Firstplace** <br> **999 E Main St.** <br> **Ravenna, OH 44266** | | H | Opened **5/15/08** Last Active **6/03/13** <br><br> **Real Estate Specific** <br><br><br> Value $          **Unknown** | | | | **0.00** | **0.00** |
| Account No. **6090** <br><br> **M & T Bank** <br> **Attn: Bankruptcy** <br> **1100 Wehrle Dr  2nd Floor** <br> **Williamsville, NY 14221** | | H | Opened **12/19/05** Last Active **5/01/08** <br><br> **Real Estate Mortgage** <br><br><br> Value $          **0.00** | | | | **0.00** | **0.00** |
| Account No. <br><br> **Talmer Bank and Trust** <br> **120 North Main Street** <br> **Mount Clemens, MI 48043** | | J | <br><br><br><br> Value $          **Unknown** | | | | **651,426.00** | **Unknown** |
| Account No. <br><br><br><br><br> | | | <br><br><br><br> Value $ | | | | | |

Sheet **2** of **2** continuation sheets attached to
Schedule of Creditors Holding Secured Claims

| | | |
|---|---|---|
| Subtotal <br> (Total of this page) | **651,426.00** | **0.00** |
| Total <br> (Report on Summary of Schedules) | **2,014,231.00** | **126,349.00** |

B6E (Official Form 6E) (4/13)

In re  **Larry Makimaa,**                                                    Case No.   **9:13-bk-14168**
     **Mary Lynne Makimaa**

                                                Debtors

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts _not_ entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☒ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS**  (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic support obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $12,475* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $6,150* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

Claims of individuals up to $2,775* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐ **Taxes and certain other debts owed to governmental units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

\* Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

              **0**     continuation sheets attached

11/08/13 5:33PM

B6F (Official Form 6F) (12/07)

In re   **Larry Makimaa,**
     **Mary Lynne Makimaa**

Case No.  **9:13-bk-14168**

Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐  Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | Codebtor | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | Contingent | Unliquidated | Disputed | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **5113**<br><br>**American Express**<br>**Special Research**<br>**Post Office Box 981540**<br>**El Paso, TX 79998** | | H | Opened 4/01/73 Last Active 7/12/13 | | | | 334.00 |
| Account No. **7473**<br><br>**American Express**<br>**Special Research**<br>**Post Office Box 981540**<br>**El Paso, TX 79998** | | W | Opened 4/01/73 Last Active 7/24/13 | | | | 94.00 |
| Account No. **2333**<br><br>**American Express**<br>**Special Research**<br>**Post Office Box 981540**<br>**El Paso, TX 79998** | | H | Opened 4/01/73 Last Active 7/24/13 | | | | 94.00 |
| Account No. **2893**<br><br>**American Express**<br>**Special Research**<br>**Post Office Box 981540**<br>**El Paso, TX 79998** | | W | Opened 11/01/03 Last Active 6/01/13 | | | | 0.00 |

  **2**  continuation sheets attached

Subtotal
(Total of this page)    **522.00**

B6F (Official Form 6F) (12/07) - Cont.

In re  **Larry Makimaa,**　　　　　　　　　　　　　　　Case No.　**9:13-bk-14168**
　　　　**Mary Lynne Makimaa,**
　　　　　　　　　　　　　　　　　　　　　　　　Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
| | | H W J C | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Account No. **2973**<br><br>**American Express**<br>**Special Research**<br>**Post Office Box 981540**<br>**El Paso, TX 79998** | | H | | Opened 11/01/03  Last Active  6/01/13 | | | | **0.00** |
| Account No. **2060**<br><br>**Chase**<br>**Post Office Box 15298**<br>**Wilmington, DE 19850** | | J | | Opened  1/01/97  Last Active  6/04/13<br>Credit Card | | | | **206.00** |
| Account No.<br><br>**Elizabeth Marko**<br>**c/o Larry Barnett**<br>**3520 Pontiac Lake Road**<br>**Waterford, MI 48328** | | J | | March 2013<br>Lawsuit Against Debtor - No Judgment | | | | **0.00** |
| Account No. **0545**<br><br>**Family Orthopedic Associates**<br>**MI** | | H | | Opened 11/01/08<br>Medical | | | | **321.00** |
| Account No. **0059**<br><br>**Fifth Third Bank**<br>**Bankruptcy Dept**<br>**1830 East Paris Ave. Se**<br>**Grand Rapids, MI 49546** | | H | | Line of Credit | | | | **209,000.00** |

| | | |
|---|---|---|
| Sheet no. __1__ of __2__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims | Subtotal<br>(Total of this page) | **209,527.00** |

Software Copyright (c) 1996-2013 - Best Case, LLC - www.bestcase.com

11/08/13  5:33PM

B6F (Official Form 6F) (12/07) - Cont.

In re    **Larry Makimaa,**
         **Mary Lynne Makimaa**                                          Case No.    **9:13-bk-14168**

_____,
                              Debtors

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W J | J C | | | | | |
| Account No. **8891** | | | | | Credit Card | | | | |
| **Fifth Third Bank** **Bankruptcy Department** **1830 E. Paris Avenue** **Grand Rapids, MI 49546** | | | J | | | | | | **Unknown** |
| Account No. **6890** | | | | | Opened 9/01/93 Last Active 5/25/11 Check Credit Or Line Of Credit | | | | |
| **FirstMerit Bank** **328 S Saginaw St** **Flint, MI 48502** | | | J | | | | | | **100,000.00** |
| Account No. | | | | | | | | | |
| **Foster Swift & Collins** **17002 Beltline, N.E.** **Suite 200** **Grand Rapids, MI 49525** | | | J | | | | | | **35,000.00** |
| Account No. | | | | | | | | | |
| **GECCRB/TJX Cos DC** **P.O. Box 965005** **Orlando, FL 32896** | | | J | | | | | | **Unknown** |
| Account No. **1560** | | | | | Medical | | | | |
| **Lifewatch Services, Inc.** **IL** | | W | | | | | | | **968.00** |

| | | |
|---|---|---|
| Sheet no. **2** of **2** sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims | Subtotal (Total of this page) | **135,968.00** |
| | Total (Report on Summary of Schedules) | **346,017.00** |

Software Copyright (c) 1996-2013 - Best Case, LLC - www.bestcase.com

Best Case Bankruptcy

11/08/13  5:33PM

B6G (Official Form 6G) (12/07)

.

In re   **Larry Makimaa,**                                                    Case No.   <u>**9:13-bk-14168**</u>
       **Mary Lynne Makimaa**
_____,
                              Debtors

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests.  State nature
of debtor's interest in contract, i.e., "Purchaser", "Agent", etc.  State whether debtor is the lessor or lessee of a lease.  Provide the names and
complete mailing addresses of all other parties to each lease or contract described.  If a minor child is a party to one of the leases or contracts,
state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not
disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code,<br>of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest.<br>State whether lease is for nonresidential real property.<br>State contract number of any government contract. |
|---|---|
| **Ally Financial**<br>**P.o. Box 380901**<br>**Bloomington, MN 55438** | **Acct# 029920600314**<br>**Opened  5/01/13**<br>**Lease Cadillac 2013** |
| **Ally Financial**<br>**P.o. Box 380901**<br>**Bloomington, MN 55438** | **Acct# 029917289272**<br>**Opened 12/01/11**<br>**Lease 2012 Buick LaCrosse** |

**0**
_____ continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

B6H (Official Form 6H) (12/07)

.

In re    **Larry Makimaa,**
    **Mary Lynne Makimaa**

                         Debtors

Case No.    **9:13-bk-14168**

# SCHEDULE H - CODEBTORS

    Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| **Holly Makimaa**<br>**3227 Holiday Drive**<br>**Apartment 10**<br>**Lansing, MI 48912**<br>   **Co-obligor on lease of 2012 Buick Lacrosse** | |
| **Jeffrey D. Powell**<br>**9310 Fairway Trail**<br>**Grand Blanc, MI 48439** | **Century National Bank**<br>**14 South Fifth Street**<br>**Zanesville, OH 43701** |

**0**
_____ continuation sheets attached to Schedule of Codebtors

B6I (Official Form 6I) (12/07)

In re    **Larry Makimaa**
       **Mary Lynne Makimaa**             Case No.    **9:13-bk-14168**

                              Debtor(s)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| **Married** | RELATIONSHIP(S):<br>**None.** | AGE(S): |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **Retired** | **Retired/Disabled** |
| Name of Employer | **Retired** | **Retired/Disabled** |
| How long employed | | |
| Address of Employer | | |

| INCOME: (Estimate of average or projected monthly income at time case filed) | DEBTOR | SPOUSE |
|---|---|---|
| 1. Monthly gross wages, salary, and commissions  (Prorate if not paid monthly) | $ 0.00 | $ 0.00 |
| 2. Estimate monthly overtime | $ 0.00 | $ 0.00 |
| 3. SUBTOTAL | $ 0.00 | $ 0.00 |
| 4. LESS PAYROLL DEDUCTIONS | | |
|      a.  Payroll taxes and social security | $ 0.00 | $ 0.00 |
|      b.  Insurance | $ 0.00 | $ 0.00 |
|      c.  Union dues | $ 0.00 | $ 0.00 |
|      d.  Other (Specify): | $ 0.00 | $ 0.00 |
| | $ 0.00 | $ 0.00 |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ 0.00 | $ 0.00 |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ 0.00 | $ 0.00 |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ 0.00 | $ 0.00 |
| 8. Income from real property | $ 0.00 | $ 0.00 |
| 9. Interest and dividends | $ 0.00 | $ 0.00 |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ 0.00 | $ 0.00 |
| 11. Social security or government assistance<br>(Specify):    **Social Security Benefits** | $ 1,680.00 | $ 820.00 |
| | $ 0.00 | $ 0.00 |
| 12. Pension or retirement income | $ 0.00 | $ 0.00 |
| 13. Other monthly income<br>(Specify): | $ 0.00 | $ 0.00 |
| | $ 0.00 | $ 0.00 |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ 1,680.00 | $ 820.00 |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ 1,680.00 | $ 820.00 |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | $ 2,500.00 | |

(Report also on Summary of Schedules and, if applicable, on
Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

B6J (Official Form 6J) (12/07)

In re    **Larry Makimaa**
**Mary Lynne Makimaa**        Case No.    **9:13-bk-14168**
Debtor(s)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed.  Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.  The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐   Check this box if a joint petition is filed and debtor's spouse maintains a separate household.  Complete a separate schedule of expenditures labeled "Spouse."

| | | | |
|---|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | | $ | 0.00 |
|    a. Are real estate taxes included? | Yes ___ | No **X** | |
|    b. Is property insurance included? | Yes ___ | No **X** | |
| 2. Utilities:    a. Electricity and heating fuel | | $ | 200.00 |
|            b. Water and sewer | | $ | 0.00 |
|            c. Telephone | | $ | 137.00 |
|            d. Other | | $ | 0.00 |
| 3. Home maintenance (repairs and upkeep) | | $ | 120.00 |
| 4. Food | | $ | 825.00 |
| 5. Clothing | | $ | 100.00 |
| 6. Laundry and dry cleaning | | $ | 75.00 |
| 7. Medical and dental expenses | | $ | 800.00 |
| 8. Transportation (not including car payments) | | $ | 225.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | | $ | 95.00 |
| 10. Charitable contributions | | $ | 0.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | | |
|            a. Homeowner's or renter's | | $ | 65.00 |
|            b. Life | | $ | 515.00 |
|            c. Health | | $ | 440.00 |
|            d. Auto | | $ | 0.00 |
|            e. Other | | $ | 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | | |
|      (Specify)    **Ad valorem Real Estate Taxes** | | $ | 350.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | | |
|            a. Auto | | $ | 0.00 |
|            b. Other | | $ | 0.00 |
|            c. Other | | $ | 0.00 |
| 14. Alimony, maintenance, and support paid to others | | $ | 0.00 |
| 15. Payments for support of additional dependents not living at your home | | $ | 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | | $ | 0.00 |
| 17. Other    **Home Health Aide** | | $ | 1,400.00 |
|      Other | | $ | 0.00 |
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | | $ | 5,347.00 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

| | | |
|---|---|---:|
| 20. STATEMENT OF MONTHLY NET INCOME | | |
| a.    Average monthly income from Line 15 of Schedule I | $ | 2,500.00 |
| b.    Average monthly expenses from Line 18 above | $ | 5,347.00 |
| c.    Monthly net income (a. minus b.) | $ | -2,847.00 |

B6 Declaration (Official Form 6 - Declaration). (12/07)

11/08/13  5:33PM

# United States Bankruptcy Court
## Middle District of Florida

In re    **Larry Makimaa**
**Mary Lynne Makimaa**

Debtor(s)

Case No.   **9:13-bk-14168**

Chapter   **7**

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of   **30**   sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date   **November  8, 2013**

Signature   **/s/ Larry Makimaa**
**Larry Makimaa**
Debtor

Date   **November  8, 2013**

Signature   **/s/ Mary Lynne Makimaa**
**Mary Lynne Makimaa**
Joint Debtor

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.

B7 (Official Form 7) (04/13)

# United States Bankruptcy Court
## Middle District of Florida

In re    **Larry Makimaa**
       **Mary Lynne Makimaa**                                   Case No.    **9:13-bk-14168**

                                     Debtor(s)                             Chapter      **7**

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any persons in control of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(2), (31).

---

### 1. Income from employment or operation of business

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| **$12,000.00** | **Elkhart Mobile Home Park - Husband - Salary - 2011** |
| **$38,251.00** | **Elkhart Mobile Home Park - Husband - Dividends 2011** |
| **$36,502.00** | **Elkhart Mobile Home Park - Husband - Dividends - 2012** |
| **$0.00** | **See Attached Spreadsheet for sources of income 2011, 2012 and 2013 YTD** |

B7 (Official Form 7) (04/13)                                                                                                                    2

---

**2. Income other than from employment or operation of business**

None
☐

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| **$20,686.20** | **Social Security - Husband - 2012** |
| **$11,039.00** | **Social Security - Wife - 2012** |
| **$20,500.00** | **Social Security - Husband - 2011** |
| **$10,124.00** | **Social Security - Wife - 2011** |
| **$114.00** | **Interest and Dividends - Miscellaneous - 2012** |
| **$507.00** | **Interest and Dividends Miscellaneous - 2011** |
| **$17,520.00** | **Social Security - Husband - 2013 YTD** |
| **$9,475.00** | **Social Security - Wife - YTD 2013** |

---

**3. Payments to creditors**

None
■

***Complete a. or b., as appropriate, and c.***

a.   *Individual or joint debtor(s) with primarily consumer debts:*  List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None
☐

b.   *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $6,225*.  If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency.  (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|
| **American Express Special Research PO Box 981540 El Paso, TX 79998** | **8/2/13, 9/10/13** | **$894.34** | **$0.00** |
| **Ann Taylor** | **9/24/13** | **$309.82** | **$0.00** |
| **Blue Cross Blue Shield Florida** | **9/27/13** | **$1,434.00** | **$0.00** |
| **Chase Card Service PO Box 15153 Wilmington, DE 19886** | | **$2,000.00** | **$0.00** |

---

*Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

11/08/13 5:33PM

B7 (Official Form 7) (04/13)                                                                                                                    3

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|
| **State Farm** | **8/2/13** | **$602.95** | **$0.00** |

None
■   c.   *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

### 4.  Suits and administrative proceedings, executions, garnishments and attachments

None
☐   a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| **Talmer Bank & Trust v Larry and Lynne Makimaa 20D02-1206-MI-93** | **Collection** | **Indiana** | **Judgment - Receiver appointed for Elkhart Mobile Home Park** |
| **Talmer Bank & Trust v Larry and Lynne Makimaa 11-96647-CK** | **Collection** | **Michigan - Circuit Court, County of Genessee** | **Judgment Domesticated in Collier County, Florida Case Number 12-CA-2139** |
| **Fifth Third v Airport Home Center, Inc. & Larry Makimaa 11-96886-CK** | **Collection** | **Michigan** | **Judgment** |
| **Borghese v Larry Makimaa, et. al. 11-CA-857** | **Foreclosure** | **Collier County Circuit Court Civil 3315 Tamiami Trail East Naples, FL 34112** | **Pending** |
| **Marko v First Place Bank, Weaver, Makimaa & FNMA 11-95430-NZ** | **Contract** | **Genesee County Circuit Court, 900 South Saginaw Street, Flint, Michigan** | **Pending** |
| **In re Carriage Manor Place, LLC 12-31211** | **Bankruptcy** | **US Bankruptcy Court, Eastern District of Michigan, Southern Division** | **Pending** |
| **Citizens Bank v. Makimaa 13-99743-CK** | **Collection** | **Circuit Court, County of Genessee, Michigan** | **Judgment** |
| **Century National v Makimaa, et. al. 11-CA-336** | **Foreclosure** | **Collier County Circuit Court Civil 3315 Tamiami Trail East Naples, FL 34112** | **Judgment** |
| **Talmer Bank & Trust v Larry Makimaa & Mary Lynne Makimaa 12-CA-2139** | **Collection on Domesticated Judgment** | **Collier County Circuit Court Civil 3315 Tamiami Trail East Naples, FL 34112** | **Pending** |

B7 (Official Form 7) (04/13)                                                                                                      4

| None ■ | b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.) |

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |

### 5. Repossessions, foreclosures and returns

| None ☐ | List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.) |

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Century National Bank**<br>**14 South Fifth Street**<br>**Zanesville, OH 43701** | **9/27/13** | **Unit 201, Building 7, Borghese at Hammock Bay Condominium, Naples, FL**<br>**Value Unknown.** |

### 6. Assignments and receiverships

| None ■ | a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.) |

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |

| None ☐ | b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.) |

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|
| **Chikol LLC**<br>**c/o William G. Lavery**<br>**Whisler & Lavery**<br>**600 S. Main St., Suite 200**<br>**Elkhart, IN 46516** | **Elkhart Superior Court No. 2**<br>**Elkhart, IN**<br>**Talmer Bank & Trust v Larry J.**<br>**Makimaa and Lynne Makimaa**<br>**20D02-1206-MI-93** | **7/19/13** | **Elkhart Mobile Home Park, a mobile home park in Elkhart, Indiana.**<br>**Value unknown** |

### 7. Gifts

| None ■ | List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.) |

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |

B7 (Official Form 7) (04/13)                                                                                    5

---

**8. Losses**

None
■      List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or**
       **since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both
       spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

---

**9. Payments related to debt counseling or bankruptcy**

None
☐      List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation
       concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately
       preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Patrick Neale & Associates**<br>**5470 Bryson Court**<br>**Suite 103**<br>**Naples, FL 34109** | **7/12/13, 9/29/13, 10/25/13** | **Aggregate of $6,775.38.**<br>**Retainer amount of $3,074.50**<br>**held in trust account.** |
| **Johnston & Champeau**<br>**2121 McGregor Blvd.**<br>**1st Floor**<br>**Fort Myers, FL 33901** | **9/29/13, 10/25/13** | **Aggregate $5,844.50** |

---

**10. Other transfers**

None
☐      a.  List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor,
       transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors
       filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the
       spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|
| **Linda S. Marko**<br>**1432 Butterfield Court**<br>**Marco Island, FL 34145**<br>    **None** | **9/10/13** | **Lot 21, Block 24, Marco Beach Unit One, Marco**<br>**Island, FL, commonly known as 1432 Butterfield**<br>**Court, Marco Island, FL**<br>**No value received. Debtor and joint debtor**<br>**retained responsibility for the mortgage.** |
| **305 Rosette LLC**<br>**206 La Peninsula Blvd.**<br>**Naples, FL 34113** | **11/2/11** | **305 Rinn Street**<br>**Holly, MI**<br>**No funds transferred. Estate Planning.** |
| **307 Rosette St. LLC**<br>**206 La Peninsula Blvd.**<br>**Naples, FL 34113**<br>    **Owned by Debtors** | **11/2/11** | **307 Rosette St.**<br>**Holly, MI**<br>**No funds transferred. Estate planning.** |
| **1147 Rinn St. LLC**<br>**206 La Peninsula Blvd.**<br>**Naples, FL 34113**<br>    **Owned by Debtors** | **10/28/11** | **1147 Rinn St.**<br>**Burton, MI**<br>**No funds transferred. Estate planning.** |
| **1151 Rinn St. LLC**<br>**206 La Peninsula Blvd.**<br>**Naples, FL 34113**<br>    **Owned by Debtors** | **11/15/11** | **1151 Rinn St.**<br>**Burton, MI**<br>**No funds transferred. Estate planning.** |

---

B7 (Official Form 7) (04/13)

6

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
| --- | --- | --- |
| **2049 Parkwood LLC**<br>**206 La Peninsula Blvd.**<br>**Naples, FL 34113**<br>    **Owned by debtors** | **11/15/11** | **2049 Parkwood**<br>**Burton, MI**<br>**No funds transferred. Estate planning.** |
| **12126 Pine Row Lane, LLC**<br>**206 La Peninsula Blvd.**<br>**Naples, FL 34113**<br>    **Owned by debtors.** | **10/28/11** | **12126 Pine Row Lane**<br>**Grand Blanc, MI**<br>**No funds transferred. Estate planning.** |
| **5070 West Pierson Road LLC**<br>**206 LaPeninsula Blvd.**<br>**Naples, FL 34113**<br>    **Owned by debtors** | **10/28/11** | **5070 West Pierson Road**<br>**Flint, MI**<br>**No funds exchanged. Estate planning.** |
| **9159 North Lewis Road LLC**<br>**206 LaPeninsula Blvd.**<br>**Naples, FL 34113**<br>    **Owned by debtors** | **11/15/11** | **9159 North Lewis Road**<br>**Clio, MI**<br>**No funds exchaged. Estate planning.** |

None
■     b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
| --- | --- | --- |

**11.  Closed financial accounts**

None
■     List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
| --- | --- | --- |

**12.  Safe deposit boxes**

None
■     List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
| --- | --- | --- | --- |

**13.  Setoffs**

None
■     List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
| --- | --- | --- |

B7 (Official Form 7) (04/13)

7

**14.  Property held for another person**

None
■

List all property owned by another person that the debtor holds or controls.

NAME AND ADDRESS OF OWNER          DESCRIPTION AND VALUE OF PROPERTY          LOCATION OF PROPERTY

**15.  Prior address of debtor**

None
■

If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

ADDRESS                                          NAME USED                                          DATES OF OCCUPANCY

**16. Spouses and Former Spouses**

None
■

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None
■

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

SITE NAME AND ADDRESS          NAME AND ADDRESS OF          DATE OF          ENVIRONMENTAL
                               GOVERNMENTAL UNIT             NOTICE           LAW

None
■

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

SITE NAME AND ADDRESS          NAME AND ADDRESS OF          DATE OF          ENVIRONMENTAL
                               GOVERNMENTAL UNIT             NOTICE           LAW

None
■

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

NAME AND ADDRESS OF
GOVERNMENTAL UNIT                          DOCKET NUMBER                          STATUS OR DISPOSITION

---

**18 . Nature, location and name of business**

None 

a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
| --- | --- | --- | --- | --- |

None ■

b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NAME | ADDRESS |
| --- | --- |

---

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

---

**19. Books, records and financial statements**

None ■

a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
| --- | --- |

None ■

b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
| --- | --- | --- |

None ■

c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NAME | ADDRESS |
| --- | --- |

None ■

d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

| NAME AND ADDRESS | DATE ISSUED |
| --- | --- |

B7 (Official Form 7) (04/13)                                                                                                                                    9

---

**20. Inventories**

None
■
a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY (Specify cost, market or other basis) |
|---|---|---|

None
■
b. List the name and address of the person having possession of the records of each of the inventories reported in a., above.

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS |
|---|---|

---

**21 . Current Partners, Officers, Directors and Shareholders**

None
■
a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|

None
■
b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|

---

**22 . Former partners, officers, directors and shareholders**

None
■
a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|

None
■
b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|

---

**23 . Withdrawals from a partnership or distributions by a corporation**

None
■
If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

---

**24. Tax Consolidation Group.**

None
■
If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER IDENTIFICATION NUMBER (EIN) |
|---|---|

B7 (Official Form 7) (04/13)                                                                                    10

**25. Pension Funds.**

None  If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an
■      employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

NAME OF PENSION FUND                                          TAXPAYER IDENTIFICATION NUMBER (EIN)

* * * * * *

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto
and that they are true and correct.

Date  **November  8, 2013**          Signature  **/s/ Larry Makimaa**
                                                 **Larry Makimaa**
                                                 Debtor


Date  **November  8, 2013**          Signature  **/s/ Mary Lynne Makimaa**
                                                 **Mary Lynne Makimaa**
                                                 Joint Debtor

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

LARRY MAKIMAA
HOLOINGS

| ENTITY | FEDERAL EN | OPERATIONS START DATE | ENTITY TYPE | % of OWNERSHIP | BOOKS IN CARE OF | DAY TO DAY OPERATIONS | OPERATION |
|---|---|---|---|---|---|---|---|
| CURRENT OWNERSHIP INTERESTS | | | | | | | |
| 1147 RINN ST LLC | 45-3680621 | 917/2011 | Par1nership | 50/50 w/lynne | Joyce King CPA | Jim Miller | No asset LLC – return filed |
| 1151 RINN STLLC | 45-3680670 | 91712011 | Par1nership | 50/50 w/lynne | Joyce King CPA | Jim Miller | No asset LLC – return filed |
| 12126 PINE ROW LANE LLC | 45-3680518 | 9n12011 | Pannership | 50/50 w/lynne | Joyce King CPA | Jim Miller | No asset LLC – return filed |
| 2049 PARKWOOD AVE LLC | 45-4672302 | 10f31/2011 | Partnership | 50/50 w/lynne | Joyce King CPA | Jim Miller | No asset LLC – return filed |
| 305 ROSETIE ST LLC | 45-3680731 | 9nJ2011 | Partnership | 50/50 w/lynne | Joyce King CPA | Jim Miller | No asset LLC – return filed |
| 307 ROSETIE ST LLC | 45-3684560 | 917/2011 | Partnership | 50/50 w/lynne | Joyce King CPA | Jim Miller | No asset LLC – return filed |
| 5070 W PIERSON RO LLC | 45-3680560 | 9n12011 | Partnership | 50/50 w/lynne | Joyce King CPA | Jim Miller | No asset LLC – return filed |
| 9159 N LEWIS RD LLC | 45-4574586 | 9nJ2011 | Partnership | 50/50 w/Lynne | Joyce King CPA | Jim Miller | No asset LLC – return filed |
| CARRIAGE-MAK, INC. | 38-2218750 | 8111/1978 | C Corp | 100% | Joyce King CPA | Emie Beatty | Mobile Home Rentals & Sales |
| ELKHART MOBILE. NC | 31-1257313 | 2/2411989 | S Cerp | 100% | Joyce King CPA | Reciever | Mobile Home Rentals & Sales |
| JMAC UC | 37-1496071 | 51112004 | Partnership | 50% | Lany Maikirnaa | Lany Maikirnaa | Residential Rental - Out of Service |
| STOLi-MAK LLC | 20-0647960 | 4122/2003 | Partnership | 33.67% | Tom Staudacher | Tom S1audacher | Residential Rental |
| OTHER OWNERSHIP INTERESTS IN 6 YEAR LOOK BACK | | | | | | | |
| 5481 HILL 23 DRIVE, FLINT | N/A | 5/2411989 | SCHE | 50/50 w/lynne | Lany Maikirnaa | Lany Maikirnaa | Commercial Rental |
| 2479 HILL ROAD, FLINT | N/A | UNKNOWN | SCHE | 50/50 w/lynne | Lany Malkirnaa | LalTJl Maikirnaa | Commercial Rental |
| 6039 TORREY ROAD, FUNT | N/A | UNKNOWN | SCHE | 50/50 w/Lynne | Lany Maikirnaa | Lany Maikirnaa | Residential Rental |
| 6049 TORREY RO, FLINT | N/A | UNKNOWN | SCHE | 50/50 w/lynne | Lany Maikirnaa | Lany Maikirnaa | Residential Rental |
| 1042 MAINSAIL, FLORIDA | N/A | UNKNOWN | SCHE | 50/50 w/lynne | Larry Maikirnaa | Lany Malkirnaa | Residential Rental |
| 760 N COLLIER MARCO ISLAND, FL | N/A | UNKNOWN | SCHE | 50/50 w/lynne | Lany Maikirnaa | LalTJl Maik1maa | Residential Rental |
| 402 ANTIGUA. ISLE OF CAPRI, FL | N/A | UNKNOWN | SCHE | 50/50 w/lynne | Lany Maikirnaa | Lany Maikirnaa | Residential Rental |
| VERO BEACH, FLORIDA | N/A | UNKNOWN | SCHE | 50/50 w/Lynne | Lany Malkirnaa | LanyMaikirnaa | Residential Rental-Sold 2011 |
| AIRPORT MOBILE HOME CENTER | | 51241 1989 | C Corp | 100% | Lewis Knopf CPAs | LalTJl Maiklmaa | Mobile Home Rentals & Sales-Sold |
| PATTON & MAKIMAA SUTTERFIELD | 20-8742796 | UNKNOWN | Partnership | | Unknown | Unknown | Residential Rental - Sta1us UnknOwr |
| VACANT LAND. ONTONAGAN.MI | N/A | 1/1/2005 | SCHE | 50/50 w/Lynne | Lany Maikirnaa | Lany Maikirnaa | Hunt/Fann Rental-Sold 2010 |

NOTE1:
UP UNTIL AUG 2012 CARRIAGE-MAK OPERATED UNDER THE NAME OF CARRIAGE MANOR, INC.

FROM THIS DATE UNTIL JAN 2013 CARRIAGE WAS NOT AN OPERATIONAL CORPORATION IN THE
CONVENTIONAL SENSE. AS 1rs ONLy VIABLE ASSET WAS THE LAND CONTRACT RECIEVABLE FROM
THE SALE OF THE PARK.

AS OF JANUARY 2013, DAY TO DAY OPERATIONS RE-VERTEO BACK TO CARRIAGE WHEN THE PARK
WAS REPOSSESEO DUE TO DEFAULT ON THE LANO CONTRACT.

NOTE 2:
AU CURRENT RESIDENTIAL RENTAL UCs WERE ORIGINALLY OWNED BY LARRY AND LYNNE
FOR NUMEROUS YEARS AS UNICORPORATED SCHEDULE E ENTITIES.

NOTE 3:
AIRPORT MOBILE HOMES OBA WAS HILL STREET HOMES; OPERATIONS ONLY SOLD IN 2007.
5481 HILL 23 DRIVE FLINT MICHIGAN WAS SITE OF OPERATIONS. CORP IS STILL OPEN
ON OLEG DATA BASE, BUT HAS ZERO ACTIVITY IN RECENT YEARS.

LARRY & MARY LYNNE MAKIMAA
SUMMARY OF CASH ACTIVITIES

| ENTITY | 31-Dec 2011 | 31-Dec 2012 | 31-Oct 2013 | |
|---|---|---|---|---|
| **1147 RINN ST LLC** | | | | |
| DISTRIBUTIONS TO MAKIMAAs | - | - | 2,950 | |
| CAPITAL CONTRIB TO CO | - | - | | |
| TOTAL | - | - | 2,950 | |
| **1151 RINN ST LLC** | | | | |
| DISTRIBUTIONS TO MAKIMAAs | 500 | - | 5,138 | |
| CAPITAL CONTRIB TO CO | (8,312) | - | - | |
| TOTAL | (7,812) | - | 5,138 | |
| **12126 PINE ROW LANE LLC** | | | | |
| DISTRIBUTIONS TO MAKIMAAs | - | - | 10,365 | |
| CAPITAL CONTRIB TO CO | (1,576) | - | - | |
| TOTAL | (1,576) | - | 10,365 | |
| **2049 PARKWOOD AVE LLC** | | | | |
| DISTRIBUTIONS TO MAKIMAAs | - | - | 1,752 | |
| CAPITAL CONTRIB TO CO | (5,162) | (100) | - | |
| TOTAL | (5,162) | (100) | 1,752 | |
| **305 ROSETTE ST LLC** | | | | |
| DISTRIBUTIONS TO MAKIMAAs | - | - | 11,110 | |
| CAPITAL CONTRIB TO CO | (8,226) | - | - | |
| TOTAL | (8,226) | - | 11,110 | |
| **307 ROSETTE ST LLC** | | | | |
| DISTRIBUTIONS TO MAKIMAAs | - | 400 | 1,650 | |
| CAPITAL CONTRIB TO CO | (5,388) | - | - | |
| TOTAL | (5,388) | 400 | 1,650 | |
| **5070 W PIERSON RD LLC** | | | | |
| DISTRIBUTIONS TO MAKIMAAs | - | 400 | 1,450 | |
| CAPITAL CONTRIB TO CO | (6,438) | - | - | |
| TOTAL | (6,438) | 400 | 1,450 | |
| **9159 N LEWIS RD LLC** | | | | |
| DISTRIBUTIONS TO MAKIMAAs | - | - | 9,615 | |
| CAPITAL CONTRIB TO CO | (1,974) | (493) | - | |
| TOTAL | (1,974) | (493) | 9,615 | |
| **CARRIAGE-MAK, INC.** | | | | |
| DISTRIBUTIONS TO MAKIMAAs | 10,560 | 20,500 | 10,362 | |
| CAPITAL CONTRIB TO CO | - | - | (17,673) | |
| TOTAL | 10,560 | 20,500 | (7,311) | |
| **ELKHART MOBILE, INC** | | | | |
| DISTRIBUTIONS TO MAKIMAAs | 152,982 | 225,970 | 76,537 | |
| CAPITAL CONTRIB TO CO | - | (161,436) | | |
| TOTAL | 152,982 | 64,534 | 76,537 | |
| **JMAC LLC** | | | | |
| DISTRIBUTIONS TO MAKIMAAs | - | - | N/A | 2013 |
| CAPITAL CONTRIB TO CO | - | - | N/A | NOT AVAIL-BOOKKEEPING |
| TOTAL | - | - | | DONE ANNUALLY |
| **STOLI-MAK LLC** | | | | |
| DISTRIBUTIONS TO MAKIMAAs | 2,500 | 1,800 | N/A | 2013 |
| CAPITAL CONTRIB TO CO | - | - | N/A | NOT AVAIL-BOOKKEEPING |
| TOTAL | 48 | 110 | | DONE ANNUALLY |

| | | | |
|---|---|---|---|
| CASH DISTRIBUTED TO THE MAKIMAAs | 127,014 | 85,351 | 113,256 |
| | | | |
| GROSS W2 WAGES | | | |
|   LARRY | 12,000 | 6,000 | - |
|   LYNNE | - | - | - |
| | | | |
| INTEREST & DIVIDENDS | | | |
|   LARRY | 38,758 | 36,616 | - |
|   LYNNE | - | - | - |
| | | | |
| IRA/PENSIONS | | | |
|   LARRY | 80,552 | - | - |
|   LYNNE | - | - | - |
| | | | |
| SOCIAL SECURITY | | | |
|   LARRY | 19,974 | 20,687 | - |
|   LYNNE | 10,650 | 11,039 | - |
| | | | |
| | 288,948 | 159,693 | 113,256 |

B8 (Form 8) (12/08)

# United States Bankruptcy Court
## Middle District of Florida

In re  **Larry Makimaa**
**Mary Lynne Makimaa**

                               Debtor(s)

Case No.   **9:13-bk-14168**

Chapter   **7**

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

**PART A -** Debts secured by property of the estate. (Part A must be fully completed for **EACH** debt which is secured by property of the estate.  Attach additional pages if necessary.)

| Property No. 1 | |
| --- | --- |
| **Creditor's Name:**<br>**-NONE-** | **Describe Property Securing Debt:** |

Property will be (check one):

☐ Surrendered                         ☐ Retained

If retaining the property, I intend to (check at least one):

☐ Redeem the property
☐ Reaffirm the debt
☐ Other.  Explain _____  (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):

☐ Claimed as Exempt             ☐ Not claimed as exempt

**PART B** - Personal property subject to unexpired leases. (All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.)

| Property No. 1 | | |
| --- | --- | --- |
| **Lessor's Name:**<br>**Ally Financial** | **Describe Leased Property:**<br>**Acct# 029920600314**<br>**Opened  5/01/13**<br>**Lease Cadillac 2013** | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):<br>■ YES    ☐ NO |

| Property No. 2 | | |
| --- | --- | --- |
| **Lessor's Name:**<br>**Ally Financial** | **Describe Leased Property:**<br>**Acct# 029917289272**<br>**Opened 12/01/11**<br>**Lease 2012 Buick LaCrosse** | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):<br>■ YES    ☐ NO |

B8 (Form 8) (12/08)

Page 2

**I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.**

Date __**November  8, 2013**__          Signature   __**/s/ Larry Makimaa**__

                                                                    **Larry Makimaa**
                                                                    Debtor

Date __**November  8, 2013**__          Signature   __**/s/ Mary Lynne Makimaa**__

                                                                    **Mary Lynne Makimaa**
                                                                    Joint Debtor

B 201A (Form 201A) (11/12)

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA

## NOTICE TO CONSUMER DEBTOR(S) UNDER § 342(b)
## OF THE BANKRUPTCY CODE

In accordance with § 342(b) of the Bankruptcy Code, this notice to individuals with primarily consumer debts: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case.

You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

Notices from the bankruptcy court are sent to the mailing address you list on your bankruptcy petition. In order to ensure that you receive information about events concerning your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address. If you are filing a **joint case** (a single bankruptcy case for two individuals married to each other), and each spouse lists the same mailing address on the bankruptcy petition, you and your spouse will generally receive a single copy of each notice mailed from the bankruptcy court in a jointly-addressed envelope, unless you file a statement with the court requesting that each spouse receive a separate copy of all notices.

## 1. Services Available from Credit Counseling Agencies

**With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.** The briefing must be given within 180 days **before** the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies. Each debtor in a joint case must complete the briefing.

**In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.** The clerk also has a list of approved financial management instructional courses. Each debtor in a joint case must complete the course.

## 2. The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors

### Chapter 7: Liquidation ($245 filing fee, $46 administrative fee, $15 trustee surcharge: Total Fee $306)

Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, the United States trustee (or bankruptcy administrator), the trustee, or creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.

Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

### Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $46 administrative fee: Total fee $281)

Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over

a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.

After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

### Chapter 11: Reorganization ($1,167 filing fee, $46 administrative fee: Total fee $1,213)

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

### Chapter 12: Family Farmer or Fisherman ($200 filing fee, $46 administrative fee: Total fee $246)

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13.  The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

### 3. Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.  The documents and the deadlines for filing them are listed on Form B200, which is posted at http://www.uscourts.gov/bkforms/bankruptcy_forms.html#procedure.

B 201B (Form 201B) (12/09)

# United States Bankruptcy Court
## Middle District of Florida

In re  **Larry Makimaa**
**Mary Lynne Makimaa**

Case No.  **9:13-bk-14168**

_____ Debtor(s)

Chapter  **7**

## CERTIFICATION OF NOTICE TO CONSUMER DEBTOR(S)
## UNDER § 342(b) OF THE BANKRUPTCY CODE

### Certification of Debtor

I (We), the debtor(s), affirm that I (we) have received and read the attached notice, as required by § 342(b) of the Bankruptcy Code.

**Larry Makimaa**
**Mary Lynne Makimaa**
_____
Printed Name(s) of Debtor(s)

Case No. (if known)  **9:13-bk-14168**
_____

X  **/s/ Larry Makimaa**                    **November  8, 2013**
_____
Signature of Debtor                         Date

X  **/s/ Mary Lynne Makimaa**               **November  8, 2013**
_____
Signature of Joint Debtor (if any)          Date

---

**Instructions:** Attach a copy of Form B 201 A, Notice to Consumer Debtor(s) Under § 342(b) of the Bankruptcy Code.

Use this form to certify that the debtor has received the notice required by 11 U.S.C. § 342(b) **only** if the certification has **NOT** been made on the Voluntary Petition, Official Form B1. Exhibit B on page 2 of Form B1 contains a certification by the debtor's attorney that the attorney has given the notice to the debtor. The Declarations made by debtors and bankruptcy petition preparers on page 3 of Form B1 also include this certification.

Software Copyright (c) 1996-2013 Best Case, LLC - www.bestcase.com

# United States Bankruptcy Court
## Middle District of Florida

In re    **Larry Makimaa**
       **Mary Lynne Makimaa**                    Case No.    **9:13-bk-14168**

                              Debtor(s)            Chapter    **7**

# VERIFICATION OF CREDITOR MATRIX

The above-named Debtors hereby verify that the attached list of creditors is true and correct to the best of their knowledge.

Date:    **November  8, 2013**              **/s/ Larry Makimaa**

                                        **Larry Makimaa**
                                        Signature of Debtor

Date:    **November  8, 2013**              **/s/ Mary Lynne Makimaa**

                                        **Mary Lynne Makimaa**
                                        Signature of Debtor

Larry Makimaa
206 La Peninsula Blvd.
Naples, FL 34113

Chase
Post Office Box 15298
Wilmington, DE 19850

FirstMerit Bank
328 S Saginaw St
Flint, MI 48502

Mary Lynne Makimaa
206 La Peninsula Blvd.
Naples, FL 34113

Citizens Bank
329 South Saginaw Street
Flint, MI 48502

Firstplace
999 E Main St.
Ravenna, OH 44266

Patrick H. Neale
Patrick Neale & Associates
5470 Bryson Court
Suite 103
Naples, FL 34109

Citizens Bank
328 South Saginaw St.
Flint, MI 48502

Foster Swift & Collins
17002 Beltline, N.E.
Suite 200
Grand Rapids, MI 49525

Ally Financial
P.o. Box 380901
Bloomington, MN 55438

Elizabeth Marko
c/o Larry Barnett
3520 Pontiac Lake Road
Waterford, MI 48328

GECCRB/TJX Cos DC
P.O. Box 965005
Orlando, FL 32896

American Express
Special Research
Post Office Box 981540
El Paso, TX 79998

Family Orthopedic Associates
MI

Jeffrey D. Powell
9310 Fairway Trail
Grand Blanc, MI 48439

American Express
Becket & Lee
Post Office Box 3001
Malvern, PA 19355

Fifth Third Bank
Bankruptcy Dept
1830 East Paris Ave. Se
Grand Rapids, MI 49546

L. J. Ross & Associates
Post Office Box 1838
Ann Arbor, MI 48103

American Express
Post Office Box 297871
Fort Lauderdale, FL 33329

Fifth Third Bank

Lifewatch Services, Inc.
IL

Bayview Financial Loan
Bankruptcy Dept
4425 Ponce De Leon Blvd
5th Floor
Miami, FL 33146

Fifth Third Bank
Bankruptcy Department
1830 E. Paris Avenue
Grand Rapids, MI 49546

M & T Bank
Attn: Bankruptcy
1100 Wehrle Dr  2nd Floor
Williamsville, NY 14221

Century National Bank

First Place Bank
Po Box 5006
Southfield, MI 48086

Pellettieri
991 Oak Creek Drive
Lombard, IL 60148

Talmer Bank and Trust
120 North Main Street
Mount Clemens, MI 48043

# United States Bankruptcy Court
## Middle District of Florida

In re **Larry Makimaa**
**Mary Lynne Makimaa**

Debtor(s)

Case No. **9:13-bk-14168**
Chapter **7**

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1.  Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

|  |  |  |
| --- | --- | --- |
| For legal services, I have agreed to accept | $ | **5,000.00** |
| Prior to the filing of this statement I have received | $ | **5,000.00** |
| Balance Due | $ | **0.00** |

2.  $ **306.00** of the filing fee has been paid.

3.  The source of the compensation paid to me was:

    ■ Debtor    ☐ Other (specify):

4.  The source of compensation to be paid to me is:

    ■ Debtor    ☐ Other (specify):

5.  ☐ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

    ■ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached. **Johnston & Champeau and Patrick Neale & Associates are co-counsel on this matter. The compensation listed above has been shared 60% Johnston & Champeau and 40% Patrick Neale & Associates.**

6.  In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

    a.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
    b.  Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
    c.  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
    d.  [Other provisions as needed]
        **Negotiations with secured creditors to reduce to market value; exemption planning; preparation and filing of reaffirmation agreements and applications as needed; preparation and filing of motions pursuant to 11 USC 522(f)(2)(A) for avoidance of liens on household goods.**

7.  By agreement with the debtor(s), the above-disclosed fee does not include the following service:
    **Representation of the debtors in any dischargeability actions, judicial lien avoidances, relief from stay actions or any other adversary proceeding.**

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Dated: **November  8, 2013**

**/s/ Patrick H. Neale**
**Patrick H. Neale 258253**
**Patrick Neale & Associates**
**5470 Bryson Court**
**Suite 103**
**Naples, FL 34109**
**239-642-1485  Fax: 239-642-1487**
**pneale@patrickneale.com**

11/08/13 5:33PM

B22A (Official Form 22A) (Chapter 7) (04/13)

In re   **Larry Makimaa**
_____
Debtor(s)
Case Number:   **9:13-bk-14168**
_____
(If known)

| According to the information required to be entered on this statement (check one box as directed in Part I, III, or VI of this statement): |
| --- |
| ☐  **The presumption arises.** |
| ■  **The presumption does not arise.** |
| ☐  **The presumption is temporarily inapplicable.** |

# CHAPTER 7 STATEMENT OF CURRENT MONTHLY INCOME AND MEANS-TEST CALCULATION

In addition to Schedules I and J, this statement must be completed by every individual chapter 7 debtor. If none of the exclusions in Part I applies, joint debtors may complete one statement only. If any of the exclusions in Part I applies, joint debtors should complete separate statements if they believe this is required by § 707(b)(2)(C).

| | **Part I. MILITARY AND NON-CONSUMER DEBTORS** |
| --- | --- |
| 1A | **Disabled Veterans.** If you are a disabled veteran described in the Declaration in this Part IA, (1) check the box at the beginning of the Declaration, (2) check the box for "The presumption does not arise" at the top of this statement, and (3) complete the verification in Part VIII. Do not complete any of the remaining parts of this statement.<br><br>☐  **Declaration of Disabled Veteran.** By checking this box, I declare under penalty of perjury that I am a disabled veteran (as defined in 38 U.S.C. § 3741(1)) whose indebtedness occurred primarily during a period in which I was on active duty (as defined in 10 U.S.C. § 101(d)(1)) or while I was performing a homeland defense activity (as defined in 32 U.S.C. §901(1)). |
| 1B | **Non-consumer Debtors.** If your debts are not primarily consumer debts, check the box below and complete the verification in Part VIII. Do not complete any of the remaining parts of this statement.<br><br>■  **Declaration of non-consumer debts.** By checking this box, I declare that my debts are not primarily consumer debts. |
| 1C | **Reservists and National Guard Members; active duty or homeland defense activity.** Members of a reserve component of the Armed Forces and members of the National Guard who were called to active duty (as defined in 10 U.S.C. § 101(d)(1)) after September 11, 2001, for a period of at least 90 days, or who have performed homeland defense activity (as defined in 32 U.S.C. § 901(1)) for a period of at least 90 days, are excluded from all forms of means testing during the time of active duty or homeland defense activity and for 540 days thereafter (the "exclusion period"). If you qualify for this temporary exclusion, (1) check the appropriate boxes and complete any required information in the Declaration of Reservists and National Guard Members below, (2) check the box for "The presumption is temporarily inapplicable" at the top of this statement, and (3) complete the verification in Part VIII. **During your exclusion period you are not required to complete the balance of this form, but you must complete the form no later than 14 days after the date on which your exclusion period ends, unless the time for filing a motion raising the means test presumption expires in your case before your exclusion period ends.**<br><br>☐  **Declaration of Reservists and National Guard Members.** By checking this box and making the appropriate entries below, I declare that I am eligible for a temporary exclusion from means testing because, as a member of a reserve component of the Armed Forces or the National Guard<br><br>        a. ☐  I was called to active duty after September 11, 2001, for a period of at least 90 days and<br>                ☐  I remain on active duty /or/<br>                ☐  I was released from active duty on _____, which is less than 540 days before this bankruptcy case was filed;<br><br>              OR<br><br>        b. ☐  I am performing homeland defense activity for a period of at least 90 days /or/<br>                ☐  I performed homeland defense activity for a period of at least 90 days, terminating on _____, which is less than 540 days before this bankruptcy case was filed. |

B22A (Official Form 22A) (Chapter 7) (04/13)

## Part II. CALCULATION OF MONTHLY INCOME FOR § 707(b)(7) EXCLUSION

| 2 | **Marital/filing status.** Check the box that applies and complete the balance of this part of this statement as directed. |
|---|---|
| | a. ☐ Unmarried. **Complete only Column A ("Debtor's Income") for Lines 3-11.** |
| | b. ☐ Married, not filing jointly, with declaration of separate households. By checking this box, debtor declares under penalty of perjury: "My spouse and I are legally separated under applicable non-bankruptcy law or my spouse and I are living apart other than for the purpose of evading the requirements of § 707(b)(2)(A) of the Bankruptcy Code." **Complete only column A ("Debtor's Income") for Lines 3-11.** |
| | c. ☐ Married, not filing jointly, without the declaration of separate households set out in Line 2.b above. **Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 3-11.** |
| | d. ☐ Married, filing jointly. **Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 3-11.** |

| | | Column A Debtor's Income | Column B Spouse's Income |
|---|---|---|---|
| | All figures must reflect average monthly income received from all sources, derived during the six calendar months prior to filing the bankruptcy case, ending on the last day of the month before the filing.  If the amount of monthly income varied during the six months, you must divide the six-month total by six, and enter the result on the appropriate line. | | |
| 3 | **Gross wages, salary, tips, bonuses, overtime, commissions.** | $ | $ |

| 4 | **Income from the operation of a business, profession or farm.**  Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 4.  If you operate more than one business, profession or farm, enter aggregate numbers and provide details on an attachment. Do not enter a number less than zero.  **Do not include any part of the business expenses entered on Line b as a deduction in Part V.** | | |
|---|---|---|---|

|  |  | Debtor | Spouse |
|---|---|---|---|
| a. | Gross receipts | $ | $ |
| b. | Ordinary and necessary business expenses | $ | $ |
| c. | Business income | Subtract Line b from Line a | |

(Line 4 column values:) $ | $

| 5 | **Rent and other real property income.**  Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 5.  Do not enter a number less than zero.  **Do not include any part of the operating expenses entered on Line b as a deduction in Part V.** | | |
|---|---|---|---|

|  |  | Debtor | Spouse |
|---|---|---|---|
| a. | Gross receipts | $ | $ |
| b. | Ordinary and necessary operating expenses | $ | $ |
| c. | Rent and other real property income | Subtract Line b from Line a | |

(Line 5 column values:) $ | $

| 6 | **Interest, dividends, and royalties.** | $ | $ |
|---|---|---|---|
| 7 | **Pension and retirement income.** | $ | $ |
| 8 | **Any amounts paid by another person or entity, on a regular basis, for the household expenses of the debtor or the debtor's dependents, including child support paid for that purpose.** Do not include alimony or separate maintenance payments or amounts paid by your spouse if Column B is completed.  Each regular payment should be reported in only one column; if a payment is listed in Column A, do not report that payment in Column B. | $ | $ |

| 9 | **Unemployment compensation.** Enter the amount in the appropriate column(s) of Line 9.  However, if you contend that unemployment compensation received by you or your spouse was a benefit under the Social Security Act, do not list the amount of such compensation in Column A or B, but instead state the amount in the space below: | | |
|---|---|---|---|

| Unemployment compensation claimed to be a benefit under the Social Security Act | Debtor $ | Spouse $ |
|---|---|---|

(Line 9 column values:) $ | $

| 10 | **Income from all other sources.** Specify source and amount.  If necessary, list additional sources on a separate page. **Do not include alimony or separate maintenance payments paid by your spouse if Column B is completed, but include all other payments of alimony or separate maintenance.** Do not include any benefits received under the Social Security Act or payments received as a victim of a war crime, crime against humanity, or as a victim of international or domestic terrorism. | | |
|---|---|---|---|

|  |  | Debtor | Spouse |
|---|---|---|---|
| a. |  | $ | $ |
| b. |  | $ | $ |
| Total and enter on Line 10 | | | |

(Line 10 column values:) $ | $

| 11 | **Subtotal of Current Monthly Income for § 707(b)(7).** Add Lines 3 thru 10 in Column A, and, if Column B is completed, add Lines 3 through 10 in Column B.  Enter the total(s). | $ | $ |
|---|---|---|---|

B22A (Official Form 22A) (Chapter 7) (04/13)

| 12 | **Total Current Monthly Income for § 707(b)(7).** If Column B has been completed, add Line 11, Column A to Line 11, Column B, and enter the total.  If Column B has not been completed, enter the amount from Line 11, Column A. | $ |

## Part III. APPLICATION OF § 707(b)(7) EXCLUSION

| 13 | **Annualized Current Monthly Income for § 707(b)(7).**  Multiply the amount from Line 12 by the number 12 and enter the result. | $ |
| 14 | **Applicable median family income.** Enter the median family income for the applicable state and household size. (This information is available by family size at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.)<br>a. Enter debtor's state of residence:       b. Enter debtor's household size: | $ |
| 15 | **Application of Section 707(b)(7).** Check the applicable box and proceed as directed.<br>☐ **The amount on Line 13 is less than or equal to the amount on Line 14.** Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete Part VIII; do not complete Parts IV, V, VI or VII.<br>☐ **The amount on Line 13 is more than the amount on Line 14.** Complete the remaining parts of this statement. |  |

### Complete Parts IV, V, VI, and VII of this statement only if required.  (See Line 15.)

## Part IV. CALCULATION OF CURRENT MONTHLY INCOME FOR § 707(b)(2)

| 16 | **Enter the amount from Line 12.** | $ |
| 17 | **Marital adjustment.** If you checked the box at Line 2.c, enter on Line 17 the total of any income listed in Line 11, Column B that was NOT paid on a regular basis for the household expenses of the debtor or the debtor's dependents. Specify in the lines below the basis for excluding the Column B income (such as payment of the spouse's tax liability or the spouse's support of persons other than the debtor or the debtor's dependents) and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page. If you did not check box at Line 2.c, enter zero. |  |

| a. |  | $ |
| b. |  | $ |
| c. |  | $ |
| d. |  | $ |

| Total and enter on Line 17 | $ |

| 18 | **Current monthly income for § 707(b)(2).**  Subtract Line 17 from Line 16 and enter the result. | $ |

## Part V. CALCULATION OF DEDUCTIONS FROM INCOME

### Subpart A: Deductions under Standards of the Internal Revenue Service (IRS)

| 19A | **National Standards: food, clothing and other items.**  Enter in Line 19A the "Total" amount from IRS National Standards for Food, Clothing and Other Items for the applicable number of persons. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.)  The applicable number of persons is the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support. | $ |
| 19B | **National Standards: health care.** Enter in Line a1 below the amount from IRS National Standards for Out-of-Pocket Health Care for persons under 65 years of age, and in Line a2 the IRS National Standards for Out-of-Pocket Health Care for persons 65 years of age or older. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) Enter in Line b1 the applicable number of persons who are  under 65 years of age, and enter in Line b2 the applicable number of persons who are 65 years of age or older. (The applicable number of persons in each age category is the number in that category that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support.) Multiply Line a1 by Line b1 to obtain a total amount for persons under 65, and enter the result in Line c1. Multiply Line a2 by Line b2 to obtain a total amount for persons 65 and older, and enter the result in Line c2. Add Lines c1 and c2 to obtain a total health care amount, and enter the result in Line 19B. |  |

| Persons under 65 years of age | | Persons 65 years of age or older | |
|---|---|---|---|
| a1. | Allowance per person | a2. | Allowance per person |
| b1. | Number of persons | b2. | Number of persons |
| c1. | Subtotal | c2. | Subtotal |

(Line 19B total) $

| 20A | **Local Standards: housing and utilities; non-mortgage expenses.**  Enter the amount of the IRS Housing and Utilities Standards; non-mortgage expenses for the applicable county and family size.  (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court). The applicable family size consists of the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support. | $ |

B22A (Official Form 22A) (Chapter 7) (04/13)

| 20B | **Local Standards: housing and utilities; mortgage/rent expense.** Enter, in Line a below, the amount of the IRS Housing and Utilities Standards; mortgage/rent expense for your county and family size (this information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court) (the applicable family size consists of the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support); enter on Line b the total of the Average Monthly Payments for any debts secured by your home, as stated in Line 42; subtract Line b from Line a and enter the result in Line 20B. **Do not enter an amount less than zero.** | | | |
|---|---|---|---|---|
| | a. | IRS Housing and Utilities Standards; mortgage/rental expense | $ | |
| | b. | Average Monthly Payment for any debts secured by your home, if any, as stated in Line 42 | $ | |
| | c. | Net mortgage/rental expense | Subtract Line b from Line a. | $ |

| 21 | **Local Standards: housing and utilities; adjustment.** If you contend that the process set out in Lines 20A and 20B does not accurately compute the allowance to which you are entitled under the IRS Housing and Utilities Standards, enter any additional amount to which you contend you are entitled, and state the basis for your contention in the space below: | $ |
|---|---|---|

| 22A | **Local Standards: transportation; vehicle operation/public transportation expense.**<br>You are entitled to an expense allowance in this category regardless of whether you pay the expenses of operating a vehicle and regardless of whether you use public transportation.<br><br>Check the number of vehicles for which you pay the operating expenses or for which the operating expenses are included as a contribution to your household expenses in Line 8.<br><br>☐ 0  ☐ 1  ☐ 2 or more.<br><br>If you checked 0, enter on Line 22A the "Public Transportation" amount from IRS Local Standards: Transportation. If you checked 1 or 2 or more, enter on Line 22A the "Operating Costs" amount from IRS Local Standards: Transportation for the applicable number of vehicles in the applicable Metropolitan Statistical Area or Census Region. (These amounts are available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ |
|---|---|---|

| 22B | **Local Standards: transportation; additional public transportation expense.** If you pay the operating expenses for a vehicle and also use public transportation, and you contend that you are entitled to an additional deduction for you public transportation expenses, enter on Line 22B the "Public Transportation" amount from IRS Local Standards: Transportation. (This amount is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ |
|---|---|---|

| 23 | **Local Standards: transportation ownership/lease expense; Vehicle 1.** Check the number of vehicles for which you claim an ownership/lease expense. (You may not claim an ownership/lease expense for more than two vehicles.)<br><br>☐ 1  ☐ 2 or more.<br><br>Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 1, as stated in Line 42; subtract Line b from Line a and enter the result in Line 23. **Do not enter an amount less than zero.** | | | |
|---|---|---|---|---|
| | a. | IRS Transportation Standards, Ownership Costs | $ | |
| | b. | Average Monthly Payment for any debts secured by Vehicle 1, as stated in Line 42 | $ | |
| | c. | Net ownership/lease expense for Vehicle 1 | Subtract Line b from Line a. | $ |

| 24 | **Local Standards: transportation ownership/lease expense; Vehicle 2.** Complete this Line only if you checked the "2 or more" Box in Line 23.<br><br>Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 2, as stated in Line 42; subtract Line b from Line a and enter the result in Line 24. **Do not enter an amount less than zero.** | | | |
|---|---|---|---|---|
| | a. | IRS Transportation Standards, Ownership Costs | $ | |
| | b. | Average Monthly Payment for any debts secured by Vehicle 2, as stated in Line 42 | $ | |
| | c. | Net ownership/lease expense for Vehicle 2 | Subtract Line b from Line a. | $ |

| 25 | **Other Necessary Expenses: taxes.** Enter the total average monthly expense that you actually incur for all federal, state and local taxes, other than real estate and sales taxes, such as income taxes, self employment taxes, social security taxes, and Medicare taxes. **Do not include real estate or sales taxes.** | $ |
|---|---|---|

B22A (Official Form 22A) (Chapter 7) (04/13)

| 26 | **Other Necessary Expenses: involuntary deductions for employment.** Enter the total average monthly payroll deductions that are required for your employment, such as retirement contributions, union dues, and uniform costs. **Do not include discretionary amounts, such as voluntary 401(k) contributions.** | $ |
|---|---|---|
| 27 | **Other Necessary Expenses: life insurance.** Enter total average monthly premiums that you actually pay for term life insurance for yourself. **Do not include premiums for insurance on your dependents, for whole life or for any other form of insurance.** | $ |
| 28 | **Other Necessary Expenses: court-ordered payments.** Enter the total monthly amount that you are required to pay pursuant to the order of a court or administrative agency, such as spousal or child support payments. **Do not include payments on past due obligations included in Line 44.** | $ |
| 29 | **Other Necessary Expenses: education for employment or for a physically or mentally challenged child.** Enter the total average monthly amount that you actually expend for education that is a condition of employment and for education that is required for a physically or mentally challenged dependent child for whom no public education providing similar services is available. | $ |
| 30 | **Other Necessary Expenses: childcare.** Enter the total average monthly amount that you actually expend on childcare - such as baby-sitting, day care, nursery and preschool. **Do not include other educational payments.** | $ |
| 31 | **Other Necessary Expenses: health care.** Enter the total average monthly amount that you actually expend on health care that is required for the health and welfare of yourself or your dependents, that is not reimbursed by insurance or paid by a health savings account, and that is in excess of the amount entered in Line 19B. **Do not include payments for health insurance or health savings accounts listed in Line 34.** | $ |
| 32 | **Other Necessary Expenses: telecommunication services.** Enter the total average monthly amount that you actually pay for telecommunication services other than your basic home telephone and cell phone service - such as pagers, call waiting, caller id, special long distance, or internet service - to the extent necessary for your health and welfare or that of your dependents. **Do not include any amount previously deducted.** | $ |
| 33 | **Total Expenses Allowed under IRS Standards.** Enter the total of Lines 19 through 32. | $ |

| | **Subpart B: Additional Living Expense Deductions**<br>**Note: Do not include any expenses that you have listed in Lines 19-32** | |
|---|---|---|

| 34 | **Health Insurance, Disability Insurance, and Health Savings Account Expenses.** List the monthly expenses in the categories set out in lines a-c below that are reasonably necessary for yourself, your spouse, or your dependents. <br><br>| a. | Health Insurance | $ |<br>| b. | Disability Insurance | $ |<br>| c. | Health Savings Account | $ |<br><br>Total and enter on Line 34.<br><br>**If you do not actually expend this total amount,** state your actual total average monthly expenditures in the space below:<br>$ | $ |
|---|---|---|
| 35 | **Continued contributions to the care of household or family members.** Enter the total average actual monthly expenses that you will continue to pay for the reasonable and necessary care and support of an elderly, chronically ill, or disabled member of your household or member of your immediate family who is unable to pay for such expenses. | $ |
| 36 | **Protection against family violence.** Enter the total average reasonably necessary monthly expenses that you actually incurred to maintain the safety of your family under the Family Violence Prevention and Services Act or other applicable federal law. The nature of these expenses is required to be kept confidential by the court. | $ |
| 37 | **Home energy costs.** Enter the total average monthly amount, in excess of the allowance specified by IRS Local Standards for Housing and Utilities, that you actually expend for home energy costs. **You must provide your case trustee with documentation of your actual expenses, and you must demonstrate that the additional amount claimed is reasonable and necessary.** | $ |
| 38 | **Education expenses for dependent children less than 18.** Enter the total average monthly expenses that you actually incur, not to exceed $156.25* per child, for attendance at a private or public elementary or secondary school by your dependent children less than 18 years of age. **You must provide your case trustee with documentation of your actual expenses, and you must explain why the amount claimed is reasonable and necessary and not already accounted for in the IRS Standards.** | $ |

* Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

B22A (Official Form 22A) (Chapter 7) (04/13)

| 39 | **Additional food and clothing expense.**  Enter the total average monthly amount by which your food and clothing expenses exceed the combined allowances for food and clothing (apparel and services) in the IRS National Standards, not to exceed 5% of those combined allowances. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.)  **You must demonstrate that the additional amount claimed is reasonable and necessary.** | $ |
| --- | --- | --- |
| 40 | **Continued charitable contributions.**  Enter the amount that you will continue to contribute in the form of cash or financial instruments to a charitable organization as defined in 26 U.S.C. § 170(c)(1)-(2). | $ |
| 41 | **Total Additional Expense Deductions under § 707(b).**  Enter the total of Lines 34 through 40. | $ |

### Subpart C: Deductions for Debt Payment

| 42 | **Future payments on secured claims.** For each of your debts that is secured by an interest in property that you own, list the name of the creditor, identify the property securing the debt, state the Average Monthly Payment, and check whether the payment includes taxes or insurance. The Average Monthly Payment is the total of all amounts scheduled as contractually due to each Secured Creditor in the 60 months following the filing of the bankruptcy case, divided by 60.  If necessary, list additional entries on a separate page. Enter the total of the Average Monthly Payments on Line 42. |
| --- | --- |

|  | Name of Creditor | Property Securing the Debt | Average Monthly Payment | Does payment include taxes or insurance? |  |
| --- | --- | --- | --- | --- | --- |
| a. |  |  | $ | ☐ yes ☐ no |  |
|  |  |  | Total: Add Lines |  | $ |

| 43 | **Other payments on secured claims.** If any of debts listed in Line 42 are secured by your primary residence, a motor vehicle, or other property necessary for your support or the support of your dependents, you may include in your deduction 1/60th of any amount (the "cure amount") that you must pay the creditor in addition to the payments listed in Line 42, in order to maintain possession of the property. The cure amount would include any sums in default that must be paid in order to avoid repossession or foreclosure. List and total any such amounts in the following chart. If necessary, list additional entries on a separate page. |
| --- | --- |

|  | Name of Creditor | Property Securing the Debt | 1/60th of the Cure Amount |  |
| --- | --- | --- | --- | --- |
| a. |  |  | $ |  |
|  |  |  | Total: Add Lines | $ |

| 44 | **Payments on prepetition priority claims.** Enter the total amount, divided by 60, of all priority claims, such as priority tax, child support and alimony claims, for which you were liable at the time of your bankruptcy filing.  **Do not include current obligations, such as those set out in Line 28.** | $ |
| --- | --- | --- |

| 45 | **Chapter 13 administrative expenses.** If you are eligible to file a case under chapter 13, complete the following chart, multiply the amount in line a by the amount in line b, and enter the resulting administrative expense. | |
| --- | --- | --- |
|  | a. | Projected average monthly chapter 13 plan payment. | $ | |
|  | b. | Current multiplier for your district as determined under schedules issued by the Executive Office for United States Trustees. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | x | |
|  | c. | Average monthly administrative expense of chapter 13 case | Total: Multiply Lines a and b | $ |

| 46 | **Total Deductions for Debt Payment.** Enter the total of Lines 42 through 45. | $ |
| --- | --- | --- |

### Subpart D: Total Deductions from Income

| 47 | **Total of all deductions allowed under § 707(b)(2).** Enter the total of Lines 33, 41, and 46. | $ |
| --- | --- | --- |

## Part VI. DETERMINATION OF § 707(b)(2) PRESUMPTION

| 48 | **Enter the amount from Line 18** (Current monthly income for § 707(b)(2)) | $ |
| --- | --- | --- |
| 49 | **Enter the amount from Line 47** (Total of all deductions allowed under § 707(b)(2)) | $ |
| 50 | **Monthly disposable income under § 707(b)(2).** Subtract Line 49 from Line 48 and enter the result. | $ |
| 51 | **60-month disposable income under § 707(b)(2).** Multiply the amount in Line 50 by the number 60 and enter the result. | $ |

B22A (Official Form 22A) (Chapter 7) (04/13)

| 52 | **Initial presumption determination.** Check the applicable box and proceed as directed.<br><br>☐ **The amount on Line 51 is less than $7,475**[*]. Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete the verification in Part VIII. Do not complete the remainder of Part VI.<br><br>☐ **The amount set forth on Line 51 is more than $12,475**[*] Check the box for "The presumption arises" at the top of this statement, and complete the verification in Part VIII. You may also complete Part VII. Do not complete the remainder of Part VI.<br><br>☐ **The amount on Line 51 is at least $7,475***, **but not more than $12,475***. Complete the remainder of Part VI (Lines 53 through 55). |
|---|---|
| 53 | Enter the amount of your total non-priority unsecured debt $ |
| 54 | **Threshold debt payment amount.** Multiply the amount in Line 53 by the number 0.25 and enter the result. $ |
| 55 | **Secondary presumption determination.** Check the applicable box and proceed as directed.<br><br>☐ **The amount on Line 51 is less than the amount on Line 54.** Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete the verification in Part VIII.<br><br>☐ **The amount on Line 51 is equal to or greater than the amount on Line 54.** Check the box for "The presumption arises" at the top of page 1 of this statement, and complete the verification in Part VIII. You may also complete Part VII. |

## Part VII. ADDITIONAL EXPENSE CLAIMS

| 56 | **Other Expenses.** List and describe any monthly expenses, not otherwise stated in this form, that are required for the health and welfare of you and your family and that you contend should be an additional deduction from your current monthly income under § 707(b)(2)(A)(ii)(I). If necessary, list additional sources on a separate page. All figures should reflect your average monthly expense for each item. Total the expenses. |
|---|---|

| | Expense Description | Monthly Amount |
|---|---|---|
| a. | | $ |
| b. | | $ |
| c. | | $ |
| d. | | $ |
| | Total: Add Lines a, b, c, and d | $ |

## Part VIII. VERIFICATION

| 57 | I declare under penalty of perjury that the information provided in this statement is true and correct. *(If this is a joint case, both debtors must sign.)*<br><br>Date: **November  8, 2013**     Signature: ***/s/ Larry Makimaa***<br>                                    **Larry Makimaa**<br>                                     *(Debtor)*<br><br>Date: **November  8, 2013**     Signature ***/s/ Mary Lynne Makimaa***<br>                                    **Mary Lynne Makimaa**<br>                                     *(Joint Debtor, if any)* |
|---|---|

[*] Amounts are subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

B22A (Official Form 22A) (Chapter 7) (04/13)

| In re | **Mary Lynne Makimaa** | | According to the information required to be entered on this statement (check one box as directed in Part I, III, or VI of this statement): |
|---|---|---|---|
| | Debtor(s) | | ☐ **The presumption arises.** |
| Case Number: | **9:13-bk-14168** | | ■ **The presumption does not arise.** |
| | (If known) | | ☐ **The presumption is temporarily inapplicable.** |

# CHAPTER 7 STATEMENT OF CURRENT MONTHLY INCOME
# AND MEANS-TEST CALCULATION

In addition to Schedules I and J, this statement must be completed by every individual chapter 7 debtor.  If none of the exclusions in Part I applies, joint debtors may complete one statement only.  If any of the exclusions in Part I applies, joint debtors should complete separate statements if they believe this is required by § 707(b)(2)(C).

| | **Part I. MILITARY AND NON-CONSUMER DEBTORS** | |
|---|---|---|
| 1A | **Disabled Veterans.**  If you are a disabled veteran described in the Declaration in this Part IA, (1) check the box at the beginning of the Declaration, (2) check the box for "The presumption does not arise" at the top of this statement, and (3) complete the verification in Part VIII. Do not complete any of the remaining parts of this statement. | |
| | ☐   **Declaration of Disabled Veteran.** By checking this box, I declare under penalty of perjury that I am a disabled veteran (as defined in 38 U.S.C. § 3741(1)) whose indebtedness occurred primarily during a period in which I was on active duty (as defined in 10 U.S.C. § 101(d)(1)) or while I was performing a homeland defense activity (as defined in 32 U.S.C. §901(1)). | |
| 1B | **Non-consumer Debtors.**  If your debts are not primarily consumer debts, check the box below and complete the verification in Part VIII. Do not complete any of the remaining parts of this statement. | |
| | ■   **Declaration of non-consumer debts.** By checking this box, I declare that my debts are not primarily consumer debts. | |
| 1C | **Reservists and National Guard Members; active duty or homeland defense activity.**  Members of a reserve component of the Armed Forces and members of the National Guard who were called to active duty (as defined in 10 U.S.C. § 101(d)(1)) after September 11, 2001, for a period of at least 90 days, or who have performed homeland defense activity (as defined in 32 U.S.C. § 901(1)) for a period of at least 90 days, are excluded from all forms of means testing during the time of active duty or homeland defense activity and for 540 days thereafter (the "exclusion period"). If you qualify for this temporary exclusion, (1) check the appropriate boxes and complete any required information in the Declaration of Reservists and National Guard Members below, (2) check the box for "The presumption is temporarily inapplicable" at the top of this statement, and (3) complete the verification in Part VIII. **During your exclusion period you are not required to complete the balance of this form, but you must complete the form no later than 14 days after the date on which  your exclusion period ends, unless the time for filing a motion raising the means test presumption expires in your case before your exclusion period ends.** | |
| | ☐   **Declaration of Reservists and National Guard Members.**  By checking this box and making the appropriate entries below, I declare that I am eligible for a temporary exclusion from means testing because, as a member of a reserve component of the Armed Forces or the National Guard | |
| | | a. ☐   I was called to active duty after September 11, 2001, for a period of at least 90 days and |
| | | ☐   I remain on active duty /or/ |
| | | ☐   I was released from active duty on _____, which is less than 540 days before this bankruptcy case was filed; |
| | | OR |
| | | b. ☐   I am performing homeland defense activity for a period of at least 90 days /or/ |
| | | ☐   I performed homeland defense activity for a period of at least 90 days, terminating on _____, which is less than 540 days before this bankruptcy case was filed. |

B22A (Official Form 22A) (Chapter 7) (04/13)

## Part II. CALCULATION OF MONTHLY INCOME FOR § 707(b)(7) EXCLUSION

| 2 | **Marital/filing status.** Check the box that applies and complete the balance of this part of this statement as directed. <br><br> a. ☐ Unmarried. **Complete only Column A ("Debtor's Income") for Lines 3-11.** <br><br> b. ☐ Married, not filing jointly, with declaration of separate households. By checking this box, debtor declares under penalty of perjury: "My spouse and I are legally separated under applicable non-bankruptcy law or my spouse and I are living apart other than for the purpose of evading the requirements of § 707(b)(2)(A) of the Bankruptcy Code." **Complete only column A ("Debtor's Income") for Lines 3-11.** <br><br> c. ☐ Married, not filing jointly, without the declaration of separate households set out in Line 2.b above. **Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 3-11.** <br><br> d. ☐ Married, filing jointly. **Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 3-11.** |
|---|---|

| | All figures must reflect average monthly income received from all sources, derived during the six calendar months prior to filing the bankruptcy case, ending on the last day of the month before the filing. If the amount of monthly income varied during the six months, you must divide the six-month total by six, and enter the result on the appropriate line. | Column A <br> Debtor's Income | Column B <br> Spouse's Income |
|---|---|---|---|
| 3 | **Gross wages, salary, tips, bonuses, overtime, commissions.** | $ | $ |

| 4 | **Income from the operation of a business, profession or farm.** Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 4. If you operate more than one business, profession or farm, enter aggregate numbers and provide details on an attachment. Do not enter a number less than zero. **Do not include any part of the business expenses entered on Line b as a deduction in Part V.** | | |
|---|---|---|---|

| | | Debtor | Spouse | | |
|---|---|---|---|---|---|
| a. | Gross receipts | $ | $ | | |
| b. | Ordinary and necessary business expenses | $ | $ | | |
| c. | Business income | Subtract Line b from Line a | | $ | $ |

| 5 | **Rent and other real property income.** Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 5. Do not enter a number less than zero. **Do not include any part of the operating expenses entered on Line b as a deduction in Part V.** | | |
|---|---|---|---|

| | | Debtor | Spouse | | |
|---|---|---|---|---|---|
| a. | Gross receipts | $ | $ | | |
| b. | Ordinary and necessary operating expenses | $ | $ | | |
| c. | Rent and other real property income | Subtract Line b from Line a | | $ | $ |

| 6 | **Interest, dividends, and royalties.** | $ | $ |
|---|---|---|---|
| 7 | **Pension and retirement income.** | $ | $ |
| 8 | **Any amounts paid by another person or entity, on a regular basis, for the household expenses of the debtor or the debtor's dependents, including child support paid for that purpose.** Do not include alimony or separate maintenance payments or amounts paid by your spouse if Column B is completed. Each regular payment should be reported in only one column; if a payment is listed in Column A, do not report that payment in Column B. | $ | $ |

| 9 | **Unemployment compensation.** Enter the amount in the appropriate column(s) of Line 9. However, if you contend that unemployment compensation received by you or your spouse was a benefit under the Social Security Act, do not list the amount of such compensation in Column A or B, but instead state the amount in the space below: <br><br> Unemployment compensation claimed to be a benefit under the Social Security Act    Debtor $ _____    Spouse $ _____ | $ | $ |
|---|---|---|---|

| 10 | **Income from all other sources.** Specify source and amount. If necessary, list additional sources on a separate page. **Do not include alimony or separate maintenance payments paid by your spouse if Column B is completed, but include all other payments of alimony or separate maintenance.** Do not include any benefits received under the Social Security Act or payments received as a victim of a war crime, crime against humanity, or as a victim of international or domestic terrorism. | | |
|----|---|---|---|

| | | Debtor | Spouse | | |
|---|---|---|---|---|---|
| a. | | $ | $ | | |
| b. | | $ | $ | | |
| | Total and enter on Line 10 | | | $ | $ |

| 11 | **Subtotal of Current Monthly Income for § 707(b)(7).** Add Lines 3 thru 10 in Column A, and, if Column B is completed, add Lines 3 through 10 in Column B. Enter the total(s). | $ | $ |
|----|---|---|---|

B22A (Official Form 22A) (Chapter 7) (04/13)

| 12 | **Total Current Monthly Income for § 707(b)(7).** If Column B has been completed, add Line 11, Column A to Line 11, Column B, and enter the total.  If Column B has not been completed, enter the amount from Line 11, Column A. | $ |

### Part III. APPLICATION OF § 707(b)(7) EXCLUSION

| 13 | **Annualized Current Monthly Income for § 707(b)(7).**  Multiply the amount from Line 12 by the number 12 and enter the result. | $ |
| 14 | **Applicable median family income.** Enter the median family income for the applicable state and household size. (This information is available by family size at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.)<br><br>a. Enter debtor's state of residence:          b. Enter debtor's household size: | $ |
| 15 | **Application of Section 707(b)(7).** Check the applicable box and proceed as directed.<br><br>☐ **The amount on Line 13 is less than or equal to the amount on Line 14.**  Check the box for "The presumption does not arise" at the top of page 1 of this statement, and do not complete Part IV, V or VII.<br><br>☐ **The amount on Line 13 is more than the amount on Line 14.**  Complete the remaining parts of this statement. |  |

### Complete Parts IV, V, VI, and VII of this statement only if required.  (See Line 15.)

### Part IV. CALCULATION OF CURRENT MONTHLY INCOME FOR § 707(b)(2)

| 16 | Enter the amount from Line 12. | $ |
| 17 | **Marital adjustment.** If you checked the box at Line 2.c, enter on Line 17 the total of any income listed in Line 11, Column B that was NOT paid on a regular basis for the household expenses of the debtor or the debtor's dependents. Specify in the lines below the basis for excluding the Column B income (such as payment of the spouse's tax liability or the spouse's support of persons other than the debtor or the debtor's dependents) and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page. If you did not check box at Line 2.c, enter zero. |  |

| | | |
|---|---|---|
| a. | | $ |
| b. | | $ |
| c. | | $ |
| d. | | $ |
| Total and enter on Line 17 | | $ |

| 18 | **Current monthly income for § 707(b)(2).**  Subtract Line 17 from Line 16 and enter the result. | $ |

### Part V. CALCULATION OF DEDUCTIONS FROM INCOME

#### Subpart A: Deductions under Standards of the Internal Revenue Service (IRS)

| 19A | **National Standards: food, clothing and other items.**  Enter in Line 19A the "Total" amount from IRS National Standards for Food, Clothing and Other Items for the applicable number of persons. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.)  The applicable number of persons is the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support. | $ |
| 19B | **National Standards: health care.** Enter in Line a1 below the amount from IRS National Standards for Out-of-Pocket Health Care for persons under 65 years of age, and in Line a2 the IRS National Standards for Out-of-Pocket Health Care for persons 65 years of age or older. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) Enter in Line b1 the applicable number of persons who are  under 65 years of age, and enter in Line b2 the applicable number of persons who are 65 years of age or older. (The applicable number of persons in each age category is the number in that category that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support.) Multiply Line a1 by Line b1 to obtain a total amount for persons under 65, and enter the result in Line c1. Multiply Line a2 by Line b2 to obtain a total amount for persons 65 and older, and enter the result in Line c2. Add Lines c1 and c2 to obtain a total health care amount, and enter the result in Line 19B. | |

| Persons under 65 years of age | | Persons 65 years of age or older | | |
|---|---|---|---|---|
| a1. | Allowance per person | a2. | Allowance per person | |
| b1. | Number of persons | b2. | Number of persons | |
| c1. | Subtotal | c2. | Subtotal | $ |

| 20A | **Local Standards: housing and utilities; non-mortgage expenses.**  Enter the amount of the IRS Housing and Utilities Standards; non-mortgage expenses for the applicable county and family size.  (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court). The applicable family size consists of the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support. | $ |

11/08/13  5:33PM

B22A (Official Form 22A) (Chapter 7) (04/13)

| | | | |
|---|---|---|---|
| 20B | **Local Standards: housing and utilities; mortgage/rent expense.** Enter, in Line a below, the amount of the IRS Housing and Utilities Standards; mortgage/rent expense for your county and family size (this information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court) (the applicable family size consists of the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support); enter on Line b the total of the Average Monthly Payments for any debts secured by your home, as stated in Line 42; subtract Line b from Line a and enter the result in Line 20B. **Do not enter an amount less than zero.** | | |
| | | a. | IRS Housing and Utilities Standards; mortgage/rental expense | $ |
| | | b. | Average Monthly Payment for any debts secured by your home, if any, as stated in Line 42 | $ |
| | | c. | Net mortgage/rental expense | Subtract Line b from Line a. | $ |

| | | |
|---|---|---|
| 21 | **Local Standards: housing and utilities; adjustment.** If you contend that the process set out in Lines 20A and 20B does not accurately compute the allowance to which you are entitled under the IRS Housing and Utilities Standards, enter any additional amount to which you contend you are entitled, and state the basis for your contention in the space below: | $ |

| | | |
|---|---|---|
| 22A | **Local Standards: transportation; vehicle operation/public transportation expense.** You are entitled to an expense allowance in this category regardless of whether you pay the expenses of operating a vehicle and regardless of whether you use public transportation. Check the number of vehicles for which you pay the operating expenses or for which the operating expenses are included as a contribution to your household expenses in Line 8. ☐ 0 ☐ 1 ☐ 2 or more. If you checked 0, enter on Line 22A the "Public Transportation" amount from IRS Local Standards: Transportation. If you checked 1 or 2 or more, enter on Line 22A the "Operating Costs" amount from IRS Local Standards: Transportation for the applicable number of vehicles in the applicable Metropolitan Statistical Area or Census Region. (These amounts are available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ |

| | | |
|---|---|---|
| 22B | **Local Standards: transportation; additional public transportation expense.** If you pay the operating expenses for a vehicle and also use public transportation, and you contend that you are entitled to an additional deduction for you public transportation expenses, enter on Line 22B the "Public Transportation" amount from IRS Local Standards: Transportation. (This amount is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ |

| | | | |
|---|---|---|---|
| 23 | **Local Standards: transportation ownership/lease expense; Vehicle 1.** Check the number of vehicles for which you claim an ownership/lease expense. (You may not claim an ownership/lease expense for more than two vehicles.) ☐ 1 ☐ 2 or more. Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 1, as stated in Line 42; subtract Line b from Line a and enter the result in Line 23. **Do not enter an amount less than zero.** | | |
| | | a. | IRS Transportation Standards, Ownership Costs | $ |
| | | b. | Average Monthly Payment for any debts secured by Vehicle 1, as stated in Line 42 | $ |
| | | c. | Net ownership/lease expense for Vehicle 1 | Subtract Line b from Line a. | $ |

| | | | |
|---|---|---|---|
| 24 | **Local Standards: transportation ownership/lease expense; Vehicle 2.** Complete this Line only if you checked the "2 or more" Box in Line 23. Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 2, as stated in Line 42; subtract Line b from Line a and enter the result in Line 24. **Do not enter an amount less than zero.** | | |
| | | a. | IRS Transportation Standards, Ownership Costs | $ |
| | | b. | Average Monthly Payment for any debts secured by Vehicle 2, as stated in Line 42 | $ |
| | | c. | Net ownership/lease expense for Vehicle 2 | Subtract Line b from Line a. | $ |

| | | |
|---|---|---|
| 25 | **Other Necessary Expenses: taxes.** Enter the total average monthly expense that you actually incur for all federal, state and local taxes, other than real estate and sales taxes, such as income taxes, self employment taxes, social security taxes, and Medicare taxes. **Do not include real estate or sales taxes.** | $ |

B22A (Official Form 22A) (Chapter 7) (04/13)

| 26 | **Other Necessary Expenses: involuntary deductions for employment.** Enter the total average monthly payroll deductions that are required for your employment, such as retirement contributions, union dues, and uniform costs. **Do not include discretionary amounts, such as voluntary 401(k) contributions.** | $ |
|---|---|---|
| 27 | **Other Necessary Expenses: life insurance.** Enter total average monthly premiums that you actually pay for term life insurance for yourself. **Do not include premiums for insurance on your dependents, for whole life or for any other form of insurance.** | $ |
| 28 | **Other Necessary Expenses: court-ordered payments.** Enter the total monthly amount that you are required to pay pursuant to the order of a court or administrative agency, such as spousal or child support payments. **Do not include payments on past due obligations included in Line 44.** | $ |
| 29 | **Other Necessary Expenses: education for employment or for a physically or mentally challenged child.** Enter the total average monthly amount that you actually expend for education that is a condition of employment and for education that is required for a physically or mentally challenged dependent child for whom no public education providing similar services is available. | $ |
| 30 | **Other Necessary Expenses: childcare.** Enter the total average monthly amount that you actually expend on childcare - such as baby-sitting, day care, nursery and preschool. **Do not include other educational payments.** | $ |
| 31 | **Other Necessary Expenses: health care.** Enter the total average monthly amount that you actually expend on health care that is required for the health and welfare of yourself or your dependents, that is not reimbursed by insurance or paid by a health savings account, and that is in excess of the amount entered in Line 19B. **Do not include payments for health insurance or health savings accounts listed in Line 34.** | $ |
| 32 | **Other Necessary Expenses: telecommunication services.** Enter the total average monthly amount that you actually pay for telecommunication services other than your basic home telephone and cell phone service - such as pagers, call waiting, caller id, special long distance, or internet service - to the extent necessary for your health and welfare or that of your dependents. **Do not include any amount previously deducted.** | $ |
| 33 | **Total Expenses Allowed under IRS Standards.** Enter the total of Lines 19 through 32. | $ |

<table>
<tr><td colspan="3" align="center"><strong>Subpart B: Additional Living Expense Deductions</strong><br><strong>Note: Do not include any expenses that you have listed in Lines 19-32</strong></td></tr>
<tr><td>34</td><td><strong>Health Insurance, Disability Insurance, and Health Savings Account Expenses.</strong> List the monthly expenses in the categories set out in lines a-c below that are reasonably necessary for yourself, your spouse, or your dependents.<br><br><table><tr><td>a.</td><td>Health Insurance</td><td>$</td></tr><tr><td>b.</td><td>Disability Insurance</td><td>$</td></tr><tr><td>c.</td><td>Health Savings Account</td><td>$</td></tr></table><br>Total and enter on Line 34.<br><br><strong>If you do not actually expend this total amount,</strong> state your actual total average monthly expenditures in the space below:<br>$</td><td>$</td></tr>
<tr><td>35</td><td><strong>Continued contributions to the care of household or family members.</strong> Enter the total average actual monthly expenses that you will continue to pay for the reasonable and necessary care and support of an elderly, chronically ill, or disabled member of your household or member of your immediate family who is unable to pay for such expenses.</td><td>$</td></tr>
<tr><td>36</td><td><strong>Protection against family violence.</strong> Enter the total average reasonably necessary monthly expenses that you actually incurred to maintain the safety of your family under the Family Violence Prevention and Services Act or other applicable federal law. The nature of these expenses is required to be kept confidential by the court.</td><td>$</td></tr>
<tr><td>37</td><td><strong>Home energy costs.</strong> Enter the total average monthly amount, in excess of the allowance specified by IRS Local Standards for Housing and Utilities, that you actually expend for home energy costs. <strong>You must provide your case trustee with documentation of your actual expenses, and you must demonstrate that the additional amount claimed is reasonable and necessary.</strong></td><td>$</td></tr>
<tr><td>38</td><td><strong>Education expenses for dependent children less than 18.</strong> Enter the total average monthly expenses that you actually incur, not to exceed $156.25* per child, for attendance at a private or public elementary or secondary school by your dependent children less than 18 years of age. <strong>You must provide your case trustee with documentation of your actual expenses, and you must explain why the amount claimed is reasonable and necessary and not already accounted for in the IRS Standards.</strong></td><td>$</td></tr>
</table>

* Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

B22A (Official Form 22A) (Chapter 7) (04/13)

| 39 | **Additional food and clothing expense.** Enter the total average monthly amount by which your food and clothing expenses exceed the combined allowances for food and clothing (apparel and services) in the IRS National Standards, not to exceed 5% of those combined allowances. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) **You must demonstrate that the additional amount claimed is reasonable and necessary.** | $ |
|---|---|---|
| 40 | **Continued charitable contributions.** Enter the amount that you will continue to contribute in the form of cash or financial instruments to a charitable organization as defined in 26 U.S.C. § 170(c)(1)-(2). | $ |
| 41 | **Total Additional Expense Deductions under § 707(b).** Enter the total of Lines 34 through 40 | $ |

### Subpart C: Deductions for Debt Payment

| 42 | **Future payments on secured claims.** For each of your debts that is secured by an interest in property that you own, list the name of the creditor, identify the property securing the debt, state the Average Monthly Payment, and check whether the payment includes taxes or insurance. The Average Monthly Payment is the total of all amounts scheduled as contractually due to each Secured Creditor in the 60 months following the filing of the bankruptcy case, divided by 60. If necessary, list additional entries on a separate page. Enter the total of the Average Monthly Payments on Line 42. | |
|---|---|---|

| | Name of Creditor | Property Securing the Debt | Average Monthly Payment | Does payment include taxes or insurance? |
|---|---|---|---|---|
| a. | | | $ | ☐ yes ☐ no |
| | | | Total: Add Lines | |

| 42 (cont.) | | $ |
|---|---|---|

| 43 | **Other payments on secured claims.** If any of debts listed in Line 42 are secured by your primary residence, a motor vehicle, or other property necessary for your support or the support of your dependents, you may include in your deduction 1/60th of any amount (the "cure amount") that you must pay the creditor in addition to the payments listed in Line 42, in order to maintain possession of the property. The cure amount would include any sums in default that must be paid in order to avoid repossession or foreclosure. List and total any such amounts in the following chart. If necessary, list additional entries on a separate page. | |
|---|---|---|

| | Name of Creditor | Property Securing the Debt | 1/60th of the Cure Amount |
|---|---|---|---|
| a. | | | $ |
| | | | Total: Add Lines |

| 43 (cont.) | | $ |
|---|---|---|

| 44 | **Payments on prepetition priority claims.** Enter the total amount, divided by 60, of all priority claims, such as priority tax, child support and alimony claims, for which you were liable at the time of your bankruptcy filing. **Do not include current obligations, such as those set out in Line 28.** | $ |
|---|---|---|
| 45 | **Chapter 13 administrative expenses.** If you are eligible to file a case under chapter 13, complete the following chart, multiply the amount in line a by the amount in line b, and enter the resulting administrative expense. | |

| | | | |
|---|---|---|---|
| a. | Projected average monthly chapter 13 plan payment. | $ | |
| b. | Current multiplier for your district as determined under schedules issued by the Executive Office for United States Trustees. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | x | |
| c. | Average monthly administrative expense of chapter 13 case | Total: Multiply Lines a and b | $ |

| 46 | **Total Deductions for Debt Payment.** Enter the total of Lines 42 through 45. | $ |
|---|---|---|

### Subpart D: Total Deductions from Income

| 47 | **Total of all deductions allowed under § 707(b)(2).** Enter the total of Lines 33, 41, and 46. | $ |
|---|---|---|

## Part VI. DETERMINATION OF § 707(b)(2) PRESUMPTION

| 48 | **Enter the amount from Line 18** (Current monthly income for § 707(b)(2)) | $ |
|---|---|---|
| 49 | **Enter the amount from Line 47** (Total of all deductions allowed under § 707(b)(2)) | $ |
| 50 | **Monthly disposable income under § 707(b)(2).** Subtract Line 49 from Line 48 and enter the result. | $ |
| 51 | **60-month disposable income under § 707(b)(2).** Multiply the amount in Line 50 by the number 60 and enter the result. | $ |

B22A (Official Form 22A) (Chapter 7) (04/13)

| | |
|---|---|
| 52 | **Initial presumption determination.** Check the applicable box and proceed as directed.<br><br>☐ **The amount on Line 51 is less than $7,475\*.** Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete the verification in Part VIII. Do not complete the remainder of Part VI.<br><br>☐ **The amount set forth on Line 51 is more than $12,475\*** Check the box for "The presumption arises" at the top of page 1 of this statement, and complete the verification in Part VIII. You may also complete Part VII. Do not complete the remainder of Part VI.<br><br>☐ **The amount on Line 51 is at least $7,475\*, but not more than $12,475\*.** Complete the remainder of Part VI (Lines 53 through 55). |
| 53 | Enter the amount of your total non-priority unsecured debt — $ |
| 54 | **Threshold debt payment amount.** Multiply the amount in Line 53 by the number 0.25 and enter the result. — $ |
| 55 | **Secondary presumption determination.** Check the applicable box and proceed as directed.<br><br>☐ **The amount on Line 51 is less than the amount on Line 54.** Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete the verification in Part VIII.<br><br>☐ **The amount on Line 51 is equal to or greater than the amount on Line 54.** Check the box for "The presumption arises" at the top of page 1 of this statement, and complete the verification in Part VIII. You may also complete Part VII. |

## Part VII. ADDITIONAL EXPENSE CLAIMS

| | |
|---|---|
| 56 | **Other Expenses.** List and describe any monthly expenses, not otherwise stated in this form, that are required for the health and welfare of you and your family and that you contend should be an additional deduction from your current monthly income under § 707(b)(2)(A)(ii)(I). If necessary, list additional sources on a separate page. All figures should reflect your average monthly expense for each item. Total the expenses. |

|   | Expense Description | Monthly Amount |
|---|---|---|
| a. | | $ |
| b. | | $ |
| c. | | $ |
| d. | | $ |
| | Total: Add Lines a, b, c, and d | $ |

## Part VIII. VERIFICATION

| | |
|---|---|
| 57 | I declare under penalty of perjury that the information provided in this statement is true and correct. *(If this is a joint case, both debtors must sign.)*<br><br>Date:  __November  8, 2013__     Signature:  _/s/ Larry Makimaa_<br>            **Larry Makimaa**<br>                *(Debtor)*<br><br>Date:  __November  8, 2013__     Signature  _/s/ Mary Lynne Makimaa_<br>            **Mary Lynne Makimaa**<br>                *(Joint Debtor, if any)* |

\* Amounts are subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

Software Copyright (c) 1996-2013 Best Case, LLC - www.bestcase.com

Best Case Bankruptcy